ADOLPH LOWENBERG, Defendant in Error, *v.* FRANCIS BERND, Plaintiff in Error.

1. *Lands and land titles — Erections, removal of — When personal property — License.* — When one builds a house or fence, or places any other erection upon the land of another, with his permission, and with the intention that it be held as the property of the builder, it continues personal property, and the owner may remove it when the license is withdrawn. (Matson v. Calhoun, 44 Mo. 368.)

*Error to First District Court.*

*Lay & Belch*, for plaintiff in error.

*Ewing & Smith*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff claims to be the owner of land upon which was situate a log house, which defendant removed, and this action is brought for the damages suffered. The controversy arose from a disputed boundary line, each party claiming that the house was situate upon his own land. The bill of exceptions is very defective in its exhibit of evidence, and it does not certainly appear that it was taken and signed at the trial term. But, waiving this, on looking into the case I find the claim of the plaintiff to be altogether inequitable. Purchasers of adjoining land are divided by what each consider the true line of division. One of them, with the knowledge of and without objection from the other, builds a house, and subsequent purchasers recognize the same line. A survey, however, so changes this line as to throw the house upon the adjoining land, whereupon its owner moves it back within the last line. His neighbor, who had hitherto sup-

posed the house belonged to its purchaser and occupant, and whose vendor had consented to its being built, commences suit for trespass. I care not whether the declarations of law in relation to the division line were technically correct or not. Admitting all that plaintiff claims, there was a license to build the house by the then owner of the land upon which it is claimed to have been built. It was recognized as the property of the builder and his assigns down to the running of the new line, and as soon as the license could be considered as withdrawn the owner removed the building, as he had a right to do. When one builds a house or fence, or places any other erection upon the land of another with his permission, with the intention that it be held as the property of the builder, it continues personal property, and the owner may remove it when the license is withdrawn. (Hines v. Ament, 43 Mo. 298; Matson v. Calhoun, 44 Mo. 368; 1 Washb. 5.)

The Circuit Court rendered judgment for defendant, and the judgment of the District Court, reversing it, is reversed. The other judges concur.