Cook, Assignee, *v.* Hilliard and others.

*(Circuit Court, N. D. Illinois.* October 17, 1881.)

1. MORTGAGES—FORECLOSURE.

Where the single defence to a bill, brought to foreclose a trust deed with condition broken, is an alleged sale by the trustee of a portion of the mortgaged property at public auction, a decree of foreclosure will be allowed, in the absence of any memorandum in writing of the sale, and where the testimony on the point of the acceptance of the bid by the auctioneer is conflicting.

SAME—SAME—PARTIES.

The alleged purchaser is not a necessary party to the foreclosure proceedings.

*H. D. Beam* and *John Gibbons,* for complainant.

*Goudy, Chandler & Skinner,* for defendants.

BLODGETT, D. J., (*orally.*) This is a bill for foreclosing a trust deed given by Mr. and Mrs. Hilliard, on the nineteenth day of November, 1873, to H. F. Vallette, trustee, on lots 48, 49, 50, 51, 52, 53, 54, and 55, Hilliard and Dobbins' Addition to Washington Heights, in this county, to secure the payment of $10,000, payable to the Protection Life Insurance Company in five years from date, with 7 per cent. interest. It is admitted that the insurance company has been adjudicated bankrupt, and that the note has come into the hands of complainant as assignee of the insurance company.

The only point made by the defendant is disclosed in the answer of Mrs. Hilliard, who avers that Mr. Vallette, the trustee, advertised the property in question to be sold at public auction by him, under the powers of sale contained in the trust deed, on the twenty-sixth of March, 1879, and that in pursuance of such advertisement he proceeded to make such sale by offering lot 48, and that the sum of $650 was thereupon bid for said lot by and in behalf of Charles B. Wright, and the same was struck off and sold to him, and that after this lot was so struck off to Wright the amount of his bid was duly tendered to the trustee, and a deed demanded, but that the trustee declined to receive the money and to make the deed.

Defendants concede that the complainant has the right to a decree for the amount due on the note after deducting the $650 bid for lot 48, and is entitled to a foreclosure on all the lots except lot 48. There is a conflict of evidence as to whether this lot 48 was struck off to Wright on his bid. The proof shows that the property was offered by Vallette under the powers contained in the trust deed.

It is admitted that the eight lots in question together made up the tract of land on which was situated the dwelling-house, out-houses, garden, etc., occupied by Mr. and Mrs. Hilliard as their home. And it appears that about the time for opening the sale the question was raised between the trustee and assignee as to whether the property should be sold in separate lots according to the subdivision description, or whether they should be sold together as a whole or one single tract.

It is conceded, however, that the trustee proceeded to offer lot 48, and that several bids were made upon it, and that the last bid made was this bid of $650 by Mrs. Hilliard for Wright, and the complainant insists that while the trustee was still crying the lot he directed the assignee to stop, declare the sale off, or stop the sale, and the trustee thereupon stopped the sale without striking off the lot or accepting the bid, or in any way declaring the lot sold; while the defendants insist that just at the juncture when the trustee was directed to suspend the sale he said, "sold," or "gone," or used some term indicating that the lot was struck off on the bid by Mrs. Hilliard.

I do not think this testimony on the part of defendant, even if it was not contradicted, shows a valid sale. It is not such a selling as could be enforced by a bill for specific performance. It is evident from the defendants' testimony that the trustee did not consider that he had accepted the bid. He took no steps to consummate the sale, and he did not recognize the bid as a sale. The minds of the parties had not met. The transaction was not sufficiently complete to take it out of the statute of frauds. In *Burke* v. *Haley*, 2 Gil. 614, the court says:

"All the recent decisions seem to admit the principle, and we think with sufficient reason in their favor, that sales made by auctioneers stand upon the same footing as those made by private individuals, and require that some note or memorandum should be made and signed by the party to be charged, to render them valid and obligatory upon the purchaser. * * * The auctioneer, it is true, is by law the agent of both vendor and purchaser, and a memorandum signed by him would be binding on the latter, provided it was sufficient either in itself, or when connected with other written or printed evidence, to show what was the contract of the parties."

Here there is an entire absence of any such memorandum, and the affirmative proof shows that the trustee who acted as auctioneer did not understand that a sale was made or the lot struck off on Mrs. Hilliard's bid. The rule above quoted is affirmed in *Doty* v. *Wilder*, 15 Ill. 407, and has ever since been followed by the courts of this state.

It is urged upon the part of the defendant that Wright was a necessary party to this suit. I cannot see how that can be under the facts in the case, because there was nothing of record showing Wright's interest, and no binding contract extant showing any interest in him.

The only rule that I know of is that the complainant must make those parties who are known to him to have a legal or equitable interest in the property, or whom the pleadings or proof discloses have such an interest as that the court cannot proceed to a decree without bringing them into the case.

The complainant in this case is not obliged now, on this alleged sale, to amend his bill and make Wright a party any more than he would if it had been disclosed on the hearing that Mr. Hilliard had made a verbal agreement, void under the statute of frauds, to sell the property to some third person. I therefore think there is nothing shown in the case which should deprive the complainant of his decree.

There will, therefore, be a decree entered against the defendant.