ELLA FARMER, Respondent, v. ROBERT A. MOORE *et al.*, Appellants.

St. Louis Court of Appeals, February 15, 1898.

Contract: CONSTRUCTION. A contract whereby defendants were to pay a certain sum in one year with interest in consideration of the possession and use of certain personal property, on payment of which the property should become the absolute property of defendants, and providing that, in case of a default in payment, the other parties might enter the premises and remove the property and collect any damages from use, etc., was a contract of sale with the right reserved in the vendors to retake the property in such case and collect the value of its use for the time it might remain in defendants' possession or collect the selling price with the interest.

*Appeal from the Greene Circuit Court.*—HON JAMES T. NEVILLE, Judge.

AFFIRMED.

*White & McCammon* for appellants.

The testimony consisting of admissions and writings, the finding of the trial court has no binding force upon this court, and it will apply to the facts the legal results following therefrom, and if the judgment is not supported by the evidence this court will reverse. *King v. Ins. Co.,* 36 Mo. App. 128; *Gardner v. Ins. Co.,* 58 *Id.* 611.

No brief filed for respondent.

BLAND, P. J.—This suit is found upon the following contract and supplemental contract:

"This agreement, entered into by and between Robert A. Moore, Flora L. Moore and H. A. Hutchins, on the first part, and C. W. Stephenson, C. H. Goffe, J. D. Frazee and W. S. Farmer, representing the Springfield Furniture Manufacturing Company, on the second part, provides that on the fifteenth day of October, 1893, said R. A. Moore, Flora L. Moore and H. A. Hutchins shall pay or cause to be paid to said Stephenson, Goffe, Frazee and Farmer, or their authorized agent, the sum of $350, with interest from date until paid at the rate of 8 per cent per annum, under the following provisions, to wit: 'Said Moore, Moore and Hutchins shall take immediate possession of and use at their factory 1 Eagan scroll saw, 1 Boult carving machine and 1 Sturtevant blower, with heater and pipes attached; also such lumber, patterns and other personal property now belonging to said Stephenson, Goffe, Frazee and Farmer, or to the corporation known as the Springfield Furniture Manufacturing Company, situate on their old factory premises, except such as is mentioned in a certain deed of trust given by said Springfield Manufacturing Company to

John H. Tennant, of St. Louis, Mo., and that the same shall become the absolute property of said Moore, Moore and Hutchins upon payment of $350, as above provided, in failure or neglect in payment of said $350, as above provided, said Stephenson, Goffe, Frazee and Farmer may enter onto and into premises of Moore, Moore and Hutchins as above and remove said property as above described, and may collect such damage as they may have sustained from the use, wear, waste or injury of said property as above described.'

"Witness our hands this 1st day of October, 1892."

Agreement "B" attached is as follows:

"$350.        SPRINGFIELD, Mo., October 15, 1892.

"One year after date we promise to pay to the order of C. W. Stephenson, Chas. H. Goffe, J. D. Frazee and W. S. Farmer $350, with interest at the rate of 8 per cent per annum. This note is made in accordance with, and forming a part of, a certain agreement of date of October 1, 1892, and its value and payment is conditioned upon the continued and peaceable possession of the property therein described, and payment of this note pays in full all obligations of said contract. Duplicate of said agreement hereto attached. Signed by defendants and indorsed by said payees."

Stephenson, Goffe and Frazee sold and assigned their interest in these contracts to W. S. Farmer. Farmer died and the plaintiff, his widow, obtained title to the property belonging to her husband's estate through an order of the probate court of Greene county, made under the authority of section 251, Revised Statutes 1889. The defense was that the contracts were conditional only, and that it was optional with the defendants to keep the property and pay for it or to return it and pay damages, if any, and rental for the

use of it; that they had tendered the return of the property to W. S. Farmer in his lifetime and now offered to return it to the plaintiff. The cause was tried by the court sitting as a jury. No instructions were asked or given. The issues were found for plaintiff and judgment rendered accordingly. After unsuccessful motions for a new trial and in arrest defendants appealed.

The contracts were read in evidence; the assignment to W. S. Farmer, proof of his death, and it was admitted that plaintiff became possessed of all her husband's property by virtue of the order of the probate court. On the part of defendants it was admitted that defendants had tendered back the property mentioned in the contract before suit brought and still tendered the same, and that the amount of payments made by them were sufficient to pay for the use of the property since it came to their possession. Appellant's contention that the contract and supplemental contract give defendants the option to retain the property and pay its agreed value or to pay rent for its use and return the property, is not in our judgment a correct interpretation of the contract. It will be observed that the contract as first made fixed no time for payment for the property or for its return. The supplemental contract seems to have been made to correct this defect and oversight. Reading the contract and the supplemental one as a whole, and taking into view all of their provisions, it seems to us that the contract is one of sale with the right reserved in the vendors to retake the property if not paid for in one year, and to collect the value of the use of the property for the time it should remain in the possession of the defendants, or to collect the selling price with eight per cent interest; the option, if there be one, is in the sellers, and not the

CONTRACT: construction.

purchasers.   The contract·also undertakes to retain a vendor's lien on the  property, for it is stipulated that it shall become the absolute property of the defendants upon payment of  the $350, implying that until this is done (payment made) the title shall remain in the sellers, with the right to repossess themselves of the property in the event of default in the payment.   The plaintiff has elected to sue for the purchase price and to enforce her vendor's lien therefore.   This we think she had the  right to do under the contracts.   This is the view the trial court took of the case, and we affirm its judgment.   All concur.