## HOLCOMB & HOKE MANUFACTURING CO. *v.* CATALDO.

1. TRIAL—INSTRUCTIONS—BREACH OF WARRANTY—DAMAGES — RESCISSION—EVIDENCE.

   In an action to recover on notes given for the purchase price of a popcorn machine, in which defendant sought to recoup for breach of implied warranty, an instruction on damages that if the machine was not as represented defendant could recover the amount paid, was erroneous where there was no evidence of rescission of the contract, and the only evidence of defendant's damages was that the machine was worthless and he had set it aside.

2. DAMAGES, MEASURE OF—BREACH OF WARRANTY—SALES.

   The measure of damages for breach of an implied warranty of a machine is the difference between its value if it had been fit for the purpose intended and what it was actually worth.[1]

3. SALES—TITLE TO PERSONALTY—RIGHT TO SUE ON NOTES—RIGHT TO POSSESSION.

   Where title to a machine is retained in the seller merely for security for the payment of the purchase price, the seller may sue on notes given for the purchase price

[1] On measure of damages for breach of implied warranty, see note in 18 L. R. A. 384.

without losing its security, and it may, at any time before payment of the notes, or the judgment thereon, take possession of the machine.

Error to Montcalm; Davis, J. Submitted October 15, 1917. (Docket No. 124.) Decided December 27, 1917.

Assumpsit in justice's court by the Holcomb & Hoke Manufacturing Company against Peter Cataldo on certain promissory notes. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed.

*E. J. Bowman,* for appellant.

*Floyd E. Winter,* for appellee.

STONE, J. This is an action of assumpsit begun in justice's court in the city of Greenville to recover upon 13 promissory notes of $20 each, dated May 1, 1915, given by the defendant to the plaintiff in part payment for a "Butter-Kist" popcorn machine. The plaintiff is an Indiana corporation, and was engaged in the business of manufacturing said machines, which were designed to pop corn automatically. The defendant operated a confectionery store at Greenville.

Plaintiff's declaration was the ordinary declaration in assumpsit upon the notes and for goods sold. The plea was the general issue with notice of recoupment, alleging that the machine was sold and delivered without an opportunity of inspection or examination; that plaintiff represented and agreed that said machine was free from all defects or injury, mechanically sound in principle and capable of popping corn, and buttering same ready for sale without any attention from the operator, other than putting such corn in sacks, boxes, or other containers for sale, and would keep said corn when popped in a clean, sanitary condition;

that said machine was defective and injured when delivered, mechanically unsound and incapable of performing the service for which it was purchased; that said machine, through defective wiring or otherwise, was, when in use, charged with electricity in all metallic parts thereof, and dangerous to the operators and customers, unpleasant to work around, and would not operate continuously if kept charged with corn and butter, as had been warranted, represented, and agreed before sale, and that after a short period it would become overheated so that it would burn the popcorn, become inoperable and useless until permitted to cool off; that a large part of the purchase price had been paid by defendant, under representations by said plaintiff that it would make said machine over so that it would be in conformity with the said guaranty, but that the plaintiff had wholly failed and neglected to do so, and that the machine was worthless and useless to the defendant; and that, by reason of the breach of said warranty and representations, defendant had sustained damages in a large amount, to wit, $500, which damages he would recoup, etc.

In justice's court judgment was rendered in favor of the plaintiff, from which judgment defendant appealed to the circuit court.

The machine for which the notes sued upon were given was sold upon a written order and contract which provided for the payment of $25 cash with order, $75 C. O. D., and the giving of the notes, and the retention of title and right of possession in plaintiff until the notes were paid. The contract contained no warranty or guaranty, and provided that agents were not authorized to change, amend, or make any representations not contained therein. On June 15, 1915, defendant received the machine, which was set up, and operation demonstrated by plaintiff's agent that sold the machine to defendant.

The upper part of this machine, called the upper cabinet, had been injured in transit, but was operated by defendant until August, 1915, when a new upper part was furnished by plaintiff, at defendant's request, and was substituted for the injured part of the machine, and the injured part was returned to plaintiff. There were originally 20 notes, of $20 each, payable at intervals of two weeks, and seven of the notes were paid by the defendant as they became due.

The defendant testified that he was unable to operate the machine satisfactorily for reasons stated in his notice, and there was testimony tending to support the notice. On September 24, 1915, defendant authorized his attorney to write the following letter to the plaintiff:

"*Gentlemen:* In reply to your many inquiries directed to the Philadelphia Candy Co. or Peter Cataldo, of this city, in relation to the corn popper, I desire to say: That after you finally attempted to fix up the deal by sending him another machine, on account of the damage to the other, he set this one up and endeavored to accomplish something with it, but on account of some defect somewhere, the heat all went into the metal part above, and burned the finish off the wood; and if you should happen to put your hand on the metal anywhere, you are apt to get an electric shock.

"Mr. Cataldo informs me that he wants the machine, and is willing to pay for it as agreed, but will not pay another cent until he has one that operates properly, and if you cannot give him such a machine he will return this one upon receipt of the money paid you, allowing reasonable charges for rent."

About the last of October, 1915, a representative of the plaintiff inspected the machine at defendant's store. He testified, in substance, that the machine had not been properly installed, and found some escaping electricity; that he attached a ground wire, operated the machine, popped some corn with it, and that it

seemed to be all right.   Matters ran along about a year, until the fall of 1916, the defendant continuing to keep the machine, and using it more or less in his business, but all of the time claiming that it did not work properly.   He was permitted to testify to representations, or an oral warranty, made by the agent at the time of the sale.

The only evidence of damage shown on behalf of defendant was his own testimony to the effect that the machine was worthless to him, and that at the time of the trial it was laid aside and not operating. At the close of defendant's testimony the court ruled as follows:

"Strike out of the case any testimony that may have got in of the warranty made by the agent at the time of the sale, verbally."

It appeared that the defendant had paid on the machine to the plaintiff $240.

At the close of all of the evidence plaintiff's counsel moved for a directed verdict for plaintiff on the notes sued upon for the reason that there was no evidence that defendant had sustained any damages, nor of the amount of such damages, and that the jury could not speculate as to the amount.   This motion was denied, and, in a colloquy which followed, the court, in the presence of the jury, said to plaintiff's counsel:

"The machine was subject to your order.   You had a contract in which if they didn't pay you could go and get the machine.   You have got not only this man's notes, but you have got this machine, own it today, if you are a mind to take it."

The court, after referring to *Detroit Shipbuilding Co.* v. *Comstock,* 144 Mich. 516 (108 N. W. 286), submitted the case to the jury, evidently on the ground of an implied warranty.   In its charge the court, although it had once stated to the jury "that the company retains the title, they own the machine until the

last note is paid, unless they elect to bring suit, which they have done in this case," also subsequently charged them as follows:

"But for the purposes of this suit I shall consider both of these contracts as contracts retaining title on the part of plaintiffs, which I think was intended by both parties, so, no matter how hard a contract they make with him, he is bound in law to fulfill, provided that they furnish him a machine fit and suitable for the purpose for which this was purchased; that is the only question in this case for you to determine, outside of the question of damages. If, on the other hand, they did not furnish him a machine fit and suitable to pop corn and do the work he bought it for, then they have failed in their contract, and not entitled to anything. The machine is theirs, they are at liberty to take it. That is, in brief, the situation in this case."

Upon the measure of damages the court charged as follows:

"Now if you are satisfied in this case by a preponderance of the evidence that they furnished him a machine suitable and fit for the purpose he bought it for, then you find a verdict against the defendant for $289.70. If, on the other hand, you find it was not fit and suitable for the purposes for which he bought it—if it was he agreed to pay $450, there is no proof here what the actual damages were measured by dollars and cents he has suffered, no claim made by him of the damage in dollars and cents he has suffered by delays or injury to his credit or anything of the kind, and the damages would be what he paid, $240—if you find the plaintiff is not entitled to recover in this case and that the defendant is, your verdict should be for $240 for the defendant, that being his measure of damages."

The trial resulted in a verdict and judgment for the defendant in the sum of $240.

The plaintiff has brought the case here on writ of error, and error is assigned to the effect that the court erred in not granting plaintiff's motion to direct

a verdict for plaintiff for the amount due on the notes, for the reason that there was no evidence in the case that there was any damage to the defendant, nor of the amount thereof, and that the jury should not have been permitted to speculate as to the amount. Also that the court erred in not granting plaintiff's request to charge that, as a matter of law, after the defendant had kept this machine for two years, used it for sub- stantially two years, as the evidence shows, he could not be heard to complain. Also that the court erred in making the statement in the presence of the jury, above referred to. Also in charging that if it (the plaintiff) did not furnish him (the defendant) a ma- chine fit and suitable to pop corn and do the work he bought it for, then it has failed in its contract and is not entitled to anything. "The machine is theirs, they are at liberty to take it, that is in brief the situation in this case." Also that the court erred in its charge with reference to the measure of damages, as above set forth.

We are of the opinion that, under the evidence, the court erred in its charge upon the subject of the meas- ure of damages. There is no evidence in the case of a rescission of this contract. The defendant had the machine in his possession at the time of the trial and had never tendered it back to the plaintiff, and had used it, from time to time, down to about the time of the bringing of this suit. There was no adequate evi- dence of the measure of defendant's damages. Had the contract been rescinded, there would have been some ground for the defendant's recovery of the amount which he had paid upon the machine, but he only sought to recoup in damages, and offered no evi- dence of the amount of his damages.

Manifestly, the measure of damages for the breach of an implied warranty would not be necessarily the amount of money which the defendant had paid upon

the contract, but would have been the difference between the value of the machine, had it been fit and suitable to do the work intended, and what it was actually worth. The jury were directed in so many words, "that if you find the plaintiff is not entitled to recover in this case, and that the defendant is, your verdict should be $240 for the defendant, that being his measure of damages." That, as appeared by the undisputed evidence, was the amount which he had paid upon the machine.

We do not think there was any error in the statement of the trial court in the presence of the jury, or in the charge, wherein it said: "the machine is theirs, they are at liberty to take it."

It appears clearly from this record that title was retained in the machine by the plaintiff for security merely. Such being the case, under the authority of *Atkinson* v. *Japink*, 186 Mich. 335 (152 N. W. 1079), the plaintiff might sue upon the notes without losing its security, and that it might at any time before payment of the notes, or of the judgment thereon, take possession of the machine. But in our opinion, there was prejudicial error in the charge of the court upon the question of the measure of damages, and because of such error there was a miscarriage of justice in the case. The judgment of the circuit court is reversed, with costs to the appellant, and a new trial granted.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.