BOUDEMAN v. ARNOLD.

1. TRIAL—EVIDENCE—DIRECTED VERDICT.

Where the testimony is all one way, is uncontradicted by any testimony given in the case by the witnesses of either party, either on direct or cross-examination, or by any facts or circumstances in the case, is not in itself in any way improbable or discredited, and but one legitimate inference may be drawn from it, and a case is thereby made for the plaintiff or a defense made for the defendant, the duty rests upon the court to direct a verdict.

2. SAME.

That it is many times a difficult question to determine whether there is any testimony on a given subject, does not relieve the court from the responsibility or the duty of solving it.

3. SALES—CONDITIONAL SALES—RETAINING TITLE.

Title to personal property may be retained by parol in the vendor for security until paid for, even though a note is given to evidence the indebtedness; and the vendor may sue upon the note without losing his security.

4. TROVER AND CONVERSION—CONDITIONAL SALES—EVIDENCE — DIRECTED VERDICT.

In an action for the conversion of a marine engine, placed in a boat on which defendant had a chattel mortgage, after the giving of the mortgage, which did not cover after-acquired property, where plaintiff's demand for the engine was refused although it could have been removed without damage to the boat, and defendant sold and bid in the boat and engine, and the testimony is undisputed that title to the latter was retained in plaintiff, a verdict for plaintiff was properly directed by the court below.

Error to Berrien; Bridgman, J. Submitted January 8, 1918. (Docket No. 2.) Decided March 27, 1918.

Case by Dallas Boudeman, Jr., against Lester L. Arnold for the conversion of an engine. Judgment for

plaintiff on a directed verdict. Defendant brings error. Affirmed.

*O'Hara & O'Hara,* for appellant.

*Gore & Harvey* (*Dallas Boudeman,* of counsel), for appellee.

FELLOWS, J. Prior to February 21, 1914, defendant was the owner of four passenger boats on Paw Paw Lake in Berrien county; one of these boats was named "Dixie". On this date he sold this line of boats to one Alpha Cross, taking as part payment certain real estate at an agreed price of $685, and receiving for the balance four promissory notes of $528.75 each, secured by a chattel mortgage on the boats; this chattel mortgage did not cover after-acquired property. Cross, after the purchase of the boats, made an arrangement with Harry W. Shively and a Mr. Corsett for the joint operation by the three of this line of boats during the season of 1914. Shively and Corsett were to and did put in five or six hundred dollars which was used to repair the boats and put them in shape for operation. The engine in the "Dixie" proved unsatisfactory and Shively saw plaintiff, a manufacturer of marine engines, with a view of purchasing one of his engines for use in the "Dixie". Both Shively and plaintiff testify to the arrangement made, which was that the engine should be tried out to see if it proved satisfactory, that title thereto should remain in plaintiff until paid for, and that a note was to be and was given as evidence of the indebtedness in case any of them should die. There was no testimony given to the contrary. The engine was shipped to Paw Paw Lake, put in the boat "Dixie" and worked satisfactorily. Shortly before the first note given by Cross to defendant fell due, defendant took possession of the boat "Dixie" and proceeded to advertise the same for sale under the terms of the mortgage. Plaintiff demanded

the engine which the testimony shows could have been removed without damage to the boat, but the demand was refused and the boat with the engine installed was sold and bid in by defendant. This action was brought for the conversion of the engine. Upon the trial and here defendant conceded that title might be retained in personal property by parol, but insisted that it was a question for the jury in the instant case whether it was so retained. The trial court was of the opinion that plaintiff's case was made out by uncontroverted evidence, that there was no evidence to dispute it, and directed a verdict for the plaintiff for the value of the engine.

The defendant insists, and it is the only question in the case, that the court should have submitted the case to the jury.

The functions of judge and jury are too well understood to require extended discussion. The jury finds the facts, the judge decides the law. The jury weighs the evidence, the judge determines the legal questions. The credibility, sufficiency and weight of the evidence on a given subject are for the jury; the question of whether there is any evidence on a given subject is for the court Where the testimony is all one way, is uncontradicted by any testimony given in the case, either from a party's own witnesses, or the other party's witnesses, either on direct or drawn out on cross-examination, or by any facts or circumstances in the case, is not in itself in any way improbable or discredited, and but one legitimate inference may be drawn from it, and a case is thereby made for the plaintiff or a defense made for the defendant, the duty rests upon the court to direct a verdict. *Mynning* v. *Railroad Co.*, 64 Mich. 93; *Hunt* v. *Order of Chosen Friends*, 64 Mich. 671; *McGrath* v. *Railroad Co.*, 57 Mich. 555; *Peninsular Stove Co.* v. *Osmun*, 73 Mich. 570; *Brudin* v. *Inglis*, 121 Mich. 410; *Hicks* v. *Steel*, 126 Mich. 408; *Nester*

v. *Township of Baraga,* 133 Mich. 640. That it is many times a difficult question to determine whether there is any testimony on a given subject, does not relieve the court from the responsibility or the duty of solving it.

In the instant case the testimony of plaintiff and Mr. Shively, a disinterested witness, agree as to what the arrangement was with reference to the engine; that title was retained in plaintiff until it was paid for, and that the note was given to evidence the indebtedness. We are unable to find anything in the cross-examination of either of them, any testimony by other witnesses, or any fact or circumstance in the case which in any way tends to discredit or controvert the facts testified to by them.

Under their undisputed testimony that title was retained in plaintiff, the circumstances surrounding their negotiations, their highly probable and in no way discredited testimony that the note was given solely to evidence the indebtedness, the fact that a note was given did not make a case for the jury. Title may be retained for security even though a note is given to evidence the indebtedness, and the vendor may sue upon the note without losing his security. *Holcomb & Hoke Manfg. Co.* v. *Cataldo,* 199 Mich. 265; *Atkinson* v. *Japink,* 186 Mich. 335.

Nor was a case made for the jury by the unsupported but often repeated claim of defendant's counsel, that the testimony of these witnesses was not truthful, and their version of the transaction was not true. If the unsupported claims of counsel would take a case to the jury there would be few cases that juries would not be given an opportunity to speculate upon. There was no error in refusing to submit this case to the jury and the judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.