*In re* CONNER'S ESTATE.

APPEAL OF HAMMOND.

1. TRIAL—EVIDENCE—SUFFICIENCY.

Claims of counsel, no matter how vigorously asserted, do not, in the absence of testimony supporting them, take a case to the jury.[1]

2. WILLS—RULES AS TO FIDUCIARY RELATIONS NOT APPLICABLE UNLESS RELATIONS SHOWN.

Before the contestant of a will can invoke the rules applicable to fiduciary relations, she must show that such relations exist.[2]

3. SAME—UNDUE INFLUENCE—SPIRITUAL ADVISER.

Where a will was contested on the ground of undue influence, testimony that testatrix was at one time a member of a church of which the husband of the residuary legatee was the pastor, but that the church has since gone out of existence, was insufficient to establish that he was her spiritual adviser at the time the will was executed.[3]

4. SAME—RELATION OF ATTORNEY AND CLIENT.

Contestant's claim that the attorney who drew the will was attorney for the husband of the residuary legatee, *held*, not supported by the record.[4]

Error to Wayne; Merriam (De Witt H.), J. Submitted January 9, 1925. (Docket No. 61.) Decided April 3, 1925.

George W. Bates, executor and residuary legatee, presented for probate the last will of Grace Conner, deceased. On petition of Mary Hammond the matter was certified to the circuit court. Judgment for contestant. Proponent brings error. Reversed, and judgment ordered entered for proponent.

---

[1]Trial, 38 Cyc. p. 1533; [2]Wills, 40 Cyc. p. 1150; [3]Id., 40 Cyc. p. 1165; [4]Id., 40 Cyc. p. 1165.

On evidentiary force of circumstances that one benefited by a will was the draftsman, or was active in procuring its execution, see note in 28 L. R. A. (N. S.) 270.

*George P. Palmer* (*John A. Boyne* and *Leo P. Rabaut,* of counsel), for appellant.

*Slyfield, Hartman & Mercer* (*Edwin J. Mercer,* of counsel), for appellee.

FELLOWS, J.   On July 18, 1919, decedent, Grace Conner, executed a will which, after making several specific bequests gave the residue of her estate to her husband, Richard Conner, if he survived her, and if not, certain real estate was devised to Mary Hammond, who was the widow of a deceased son of testatrix by a former marriage.   About the same time Richard Conner made his will.   Mrs. Hammond was named executrix of that will.   Richard Conner died July 31, 1921, and his will was admitted to probate and Mrs. Hammond qualified as executrix.   Differences and disputes arose between her and Mrs. Conner over her management of the estate and she resigned as executrix and George W. Bates was appointed administrator *de bonis non* with the will annexed.   October 31, 1921, Mrs. Conner executed the will which is here in contest; it contains ten specific devises and bequests, none of which are to Mrs. Hammond, and gives the residue of the estate to Ida M. Bates, and names her "former pastor George W. Bates" as executor; he was the husband of Ida M. Bates.   Mrs. Hammond contests the admission of this will to probate on the usual grounds of want of mental capacity and undue influence and asserts her right so to do by reason of the provisions of the former will.   The trial judge withdrew the question of mental capacity from the jury but declined to direct a verdict for proponent on the question of undue influence and declined to enter judgment for proponent, notwithstanding the verdict, having reserved that question under the Empson act.

The contest on the grounds of undue influence is

based on three premises: (1) That George W. Bates, husband of the residuary legatee, was the spiritual adviser of testatrix, (2) that the will was drawn by his attorney, and (3) that a large sum passed under the residuary clause. And it is insisted that the duty, therefore, of explanation was cast upon Mr. Bates. If these premises found support in the record a more serious question would be presented for our consideration. The difficulty we find in following contestant's contention, however, grows out of the record before us which fails to support the premises above noted. Claims of counsel no matter how vigorously asserted do not in the absence of testimony supporting them take a case to the jury. *Boudeman* v. *Arnold,* 200 Mich. 162 (8 A. L. R. 789). Before contestant can invoke the rules applicable to fiduciary relations, she must show that such fiduciary relations exist. *Grund* v. *First National Bank of Petoskey,* 209 Mich. 613. The will describes Mr. Bates as the "former pastor" of testatrix and there is no proof that in any way establishes that this is a misnomer; it does show that at one time she was a member of the church of which he was pastor and that Mr. and Mrs. Bates were lifelong friends of testatrix, but the proofs also show that the church of which Mr. Bates was pastor went out of existence,—at what time the record does not disclose. The record is barren of any testimony showing or tending to show that Mr. Bates was the spiritual adviser of testatrix at the time the will was drawn. Under these circumstances, cases dealing with bequests to spiritual advisers, their family or their churches are beside the mark and need not be discussed.

The will was drawn by Jonathan Palmer, Jr., a reputable attorney, who at the time represented Mrs. Conner in a suit brought to condemn some of her property; he was also attorney for her husband's es-

230—Mich.—26.

tate.    On the occasion of the execution of the will she was brought to Mr. Palmer's office by Mr. Bates, who did not remain.    She went over the matter fully with Mr. Palmer and the will was prepared according to her instructions and was executed by her and witnessed by Mr. Palmer and his stenographer.    And while the stenographer refers to Mr. Bates as a client of Mr. Palmer, he testified that he represented the estate of Mr. Conner, having been employed by the administrator, Mr. Bates, so to do but that he never had any law business for Mr. Bates personally although he had known him for a number of years.    It should also be stated that the record does not disclose the value of the estate or of that portion covered by the residuary clause.

One would encounter very substantial difficulties in attempting to distinguish the instant case from *Blackman* v. *Andrews*, 150 Mich. 322.    The will in that case was contested on the grounds of mental incapacity and undue influence, it being claimed the undue influence was exerted by one Blackman, a son-in-law. He advised testatrix about her affairs as did her other son-in-law.    The will gave his son and wife practically the entire estate.    He took testatrix to the bank where the will was drawn but was not present during its preparation; he was not called as a witness.    This court there said, speaking through Mr. Justice CARPENTER:

"Emphasis is laid upon the circumstance that Blackman, though present in court, and active in endeavoring to procure the probate of the will, did not take the stand as a witness.    This circumstance is utterly unimportant, unless contestant offered evidence tending to prove the impropriety of his conduct.    The failure of a party to take the stand may strengthen the inference to be legitimately drawn from the testimony in the case, but it does not warrant an inference in no manner justified by that testimony.    If it were otherwise, the plaintiff in any suit could submit his case

without testimony and demand a verdict and judgment because the defendant remained silent. The most that can be said in support of contestant's claim that there was evidence of undue influence is this, viz., there was opportunity for its exercise. It is well settled that that is not enough. See *Severance* v. *Severance*, 90 Mich. 417. The trial court erred in submitting that issue to the jury."

The contestant upon this record failed to make a case for the jury on either of the grounds of contest. A verdict should have been directed for proponent on both branches of the case. The judgment must, therefore, be reversed and the case remanded with directions to enter judgment sustaining the will notwithstanding the verdict. Proponent will recover costs of both courts.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.