LOUIS J. KOLB, RESPONDENT, v. GOLDEN RULE BAKING COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 11, 1928.

*Corpus Juris-Cyc References: Contracts, 13CJ, section 486, p. 525, n. 42; Fixtures, 26CJ, section 39, p. 676, n. 21; section 42, p. 679, n. 47; section 110, p. 721, n. 41; section 127, p. 735, n. 68; Property, 32Cyc, p. 677, n. 3; Sales, 35Cyc, p. 657, n. 62; p. 672, n. 47; p. 673, n. 56.

*W. S. McClintock, A. L. Quant* and *F. K. Ferguson* for respondent.

*George W. Stubbs* and *Arthur R. Wolfe* for appellant.

FRANK, C.—Action by plaintiff, respondent here, to foreclose a lien on an oven installed by plaintiff on premises owned by defendant. The decree awarded plaintiff a lien on the oven in the sum of $2057 with six per cent interest from date of judgment and ordered and adjudged that said lien be foreclosed and the property sold in the manner specified in said decree. Defendant appealed.

On June 20, 1923, plaintiff, transacting business as Duhrkop Oven Co., and the defendant entered into a written contract by the terms of which plaintiff agreed to and did let to defendant for the term of

one year the oven in question together with its appurtenances, for a consideration of $3400, fifty per cent of which defendant agreed to pay during installation of the oven, the balance to be paid in equal installments, three, six, nine and twelve months after completion with six per cent interest per annum. This contract further provides that plaintiff was to install the oven on defendant's premises located at Independence and Kensington avenues, Kansas City, Missouri; that if defendant should default in one or more of the sums or installments of rentals, plaintiff might enter upon defendant's premises, repossess, remove, take away and enjoy said oven, as though said agreement of letting had not been made; that plaintiff, upon paying said installments might hold and enjoy said oven, and if defendant made no default in payment of aforesaid rental installments when due, plaintiff would execute to defendant a bill of sale for said oven, the consideration of which should be the amount of the said rental installments paid by defendant.

After this contract was entered into, plaintiff began the installation of the oven in July, 1923, and completed it in September of the same year.

About the time the installation of this oven was completed, plaintiff and defendant entered into a verbal agreement whereby plaintiff was to tear down and rebuild an old oven for defendant on a cost plus plan. Plaintiff began work on the old oven in October, 1923, and completed it shortly thereafter.

After the work was completed, it was agreed that the sum of $4228.56 was due plaintiff for the entire work including the rebuilding of the old oven, and twelve notes aggregating that amount, due in two, three, four, five, six, seven, eight, nine, ten, eleven and twelve months respectively were executed by defendant and delivered to plaintiff. Default was made in the payment of the notes and this suit was brought to foreclose a lien on the new oven for the balance of the purchase price.

Other facts will be stated in connection with the points discussed in the opinion.

The first and second assignments of error are (1) that the court erred in decreeing a foreclosure of a lien on the oven for the reason that the contract between the parties was not a conditional sale, but a contract to build an oven, and (2) because the contract expressly provides that the oven was let or leased to defendant.

The assignments may be considered together because they both raise the question of plaintiff's right to a lien under the contract.

These contentions involve a proper construction of the contract. The real character of the instrument is not determined from its technical form, but from the intention of the parties as gathered

from the four corners of the contract. [24 R. C. L. 748.] In 35 Cyc. 654 and 656 the law on this subject is stated thus:

"Contracts of conditional sale may take such form as the parties choose to give them, but the legal aspect must depend not upon the name which the parties have applied to the contract, nor upon the form of the instrument but upon the intention as evidenced by the entire contract."

"In many cases instruments designated as, and in the form of leases, and usually providing for the payment of rent and stipulating that in default of payment the lessor may retake the goods, but on payment the property and goods shall pass to the lessee, have been construed as contracts of conditional sale, although it was expressly stipulated that the contract should not be regarded as a sale."

Other authorities are to the same effect, among which are the following: 12 American English Annotated Cases, 879; Federal Commercial & Savings Bank v. International Clay Machinery Co., 230 Mich. 33, 203 N. W. 166, 43 A. L. R. 1243; Russell v. Martin, 122 N. E. 447; Stern v. Drew, 285 Fed. 925; H. G. Craig & Co. v. Uncas Paper Board Co., 133 Atl. 673; Burrows Adding Machine v. Bogden, 9 Fed. 5.

In the case of Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, speaking to a like question, the court said:

"It is true the instrument of conveyance purports to be a lease, and the sum stipulated to be paid are for rent; but this form was used to cover the real transaction as much so as was rent on the piano in Murch v. Wright, supra, and the price of the piano was to be paid in thirteen months, and here that of the engine figures $12,093.-96, in one year, it was evidently not the intention that this large sum should be paid as rent for the mere use of the engine for one year. If so, why agree to sell and convey the full title on the payment of the last installment? In both cases the stipulated price of the property was to be paid in short installments, and no word employed by the parties can have the effect of changing the true nature of the contracts."

The contract in the instant case stipulates that if defendant makes no default in the payment of any one or more of the installments of rental when due, plaintiff will execute and deliver to defendant a bill of sale for said oven, the consideration of which shall be the above-mentioned installments of rentals. This provision stamps the instrument as a conditional sales contract.

The fact that plaintiff agreed to convey the title to the oven on payment of the last installment, clearly indicates that it was the intention of the plaintiff to sell, and the defendant to buy the oven at the price stipulated. In construing this contract, it is our duty to gather the intention of the parties from the entire instrument with-

out regard to its form, or technical terms used therein. The fact that the contract labels the deferred payments as rentals does not change their character or convert the contract of sale into one of leasing. Substance rather than form shall control the interpretation of the contract.

A test usually applied in determining whether or not an instrument is a lease or a conditional sales contract is whether or not such instrument requires or permits the transferee to return the property in lieu of paying the purchase price. If the return of the property is either required or permitted, such instrument will be held to be a lease. On the other hand if the transferee is obligated to pay the purchase price, even though such price is denominated rental or hire, the contract will be held to be one of sale.

The contract in question does not require or permit defendant to return the property in lieu of paying the purchase price, but does bind him to pay such purchase price.

Viewing the contract in the light of the authorities above cited, we hold it is a contract of conditional sale. Under such a contract, in event of a default on the part of the buyer, the seller may retake the property, sue for the purchase price or foreclose his lien. [Wayne Tank & Pump Co. v. Quick Service Laundry Co., 285 S. W. 75) 752.]

In Farmers v. Moore, 73 Mo. App. 527, plaintiffs and defendants entered into a contract by the terms of which defendants agreed to pay plaintiffs the sum of $350 for the possession and use of certain property and that said property should become the absolute property of defendants upon payment of said $350, but if defendants failed to pay said sum, plaintiffs might enter the premises of defendants, remove said property and collect damages for the use, wear, waste or injury to said property, if any. Defendants executed to plaintiffs a note for $350. Defendants contended that the contract gave them the option to retain the property and pay its agreed value or pay rent for its use and return the property. In the disposition of the case the court said:

"Reading the contract and the supplemental one as a whole, and taking into view all of their provisions, it seems to us that the contract is one of sale with the right reserved in the vendors to retake the property. if not paid for in one year, and to collect the value of the use of the property for the time it should remain in the possession of the defendants, or to collect the selling price with eight per cent interest; the option, if there be one, is in the sellers, and not the purchasers. The contract also undertakes to retain a vendor's lien on the property, for it is stipulated that it shall become the absolute property of the defendants upon payment of the $350, implying that until this is done (payment made) the title shall remain in the sellers,

with the right to repossess themselves of the property in the event of default in the payment. The plaintiff has elected to sue for the purchase price and to enforce her vendor's lien therefor. This we think she had the right to do under the contracts. This is the view the trial court took of the case, and we affirm its judgment.''

The next contention is that plaintiff lost his lien on the oven by commingling the secured with the unsecured accounts on building the foundation, chimney, and the rebuilding of the old oven.

The contract provides that plaintiff was to let the oven to defendant for $3400, and build the foundation and chimney at actual cost of labor and material plus twenty per cent. During the construction of the foundation and chimney and the installation of the oven, plaintiff's foreman kept a strict account of the labor and material used in such construction, and the amount paid by defendant on the contract price and reported such facts to plaintiff at the end of each week. These reports were made on different colored paper, that is, reports of the cost of labor and material used on the foundation were made on a pink sheet. Such reports on the new oven were made on green sheets, and the cost of labor and material used in the repairing or rebuilding of the old oven were made on yellow sheets. All these reports were shown to be correct and were properly identified and introduced in evidence. The work of building the foundation and chimney and the installation of the new oven was done under the written contract and was completed about September 14, 1923. About the time the new oven was completed a verbal contract was entered into for the rebuilding of an old oven on defendant's premises. Work on rebuilding the old oven began early in October, 1923. As the work progressed defendant made weekly payments on the work, and at the end of each week, plaintiff's foreman in charge of the work made written reports to plaintiff showing the amount of labor and material used and the amount paid by defendant on the work. The cost of the material and labor used in the installation of the new oven was kept separate from the cost of rebuilding the old oven and was so reported to plaintiff by his foreman in charge of the work. The evidence is that the weekly payments made by defendant were applied in payment of labor bills, freight bills and extra charges as the work progressed, and that it was the intention that such payments should be so applied. As the new oven was installed first, the fair inference is that the cost of the foundation and chimney for the new oven was paid for as the work progressed. Attached to plaintiff's exhibit 6 as a part of it was an invoice from plaintiff to defendant, which reads as follows:

"Miller Baking Co., Sept. 17, 1923
"Kansas City, Mo.
"To One (1) Duhrkop Oven as per
 contract dated 6/20/'23 .................... $3400.00
 CREDIT
"By cash and bills paid ................... $1700.00
 "Bal. due monthly .................... $1700.00".

Plaintiff's statement in this court admits that there is $1700 due on the new oven. The cost of the various items of work was kept in such manner that by an inspection of the weekly reports of the work, the lienable items may be separated from those not lienable. The evidence justifies a finding that the cost of labor and material in the construction of the foundation and the chimney and in the installation of the new oven was paid for as the work progressed. Plaintiff admits that there is $1700 due on the new oven. The decree of the trial court awarded plaintiff a lien on the oven for that amount and ordered same foreclosed, and we see no grounds from claiming that said amount contains any nonlienable items.

It is contended that plaintiff waived his lien by taking notes for the full amount of the balance due; that the secured and unsecured accounts were commingled together in the notes which superseded the original contract. There is no merit in this contention. There is no evidence that the notes were to be taken as payment. On the contrary, it was the plain intent of the contract that the title to the property should remain in plaintiff as security for the payment of the purchase price. The contract and notes must be construed together and in absence of evidence to the contrary, the intent of the parties as gathered from the contract will control. Plaintiff's acceptance of the notes under such circumstances and without any agreement to accept them as payment, or agreement to waive his right to a lien on the property, was not payment or a waiver of his lien rights. [Western Brass Mfg. Co. v. Boyce, 74 Mo. App. 343; Bourdeman v. Arnolds, 200 Mich. 162, 166 N. W. 985, 8 A. L. R. 789; Holcomb & H. Manufacturing Co. v. Cataldo, 199 Mich. 265, 165 N. W. 941; Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079; Fairbanks, Morse & Company v. Parker (Ark.), 269 S. W. 42; Lyle Culvert & Road Equipment Co. v. J. F. Anderson Lumber Co., 193 N. W. (So. Dak.) 58.]

The fact that the amount due on the new oven was included in the notes with the amount due on nonlienable items, does not defeat plaintiff's right to a lien, because, as heretofore determined, the amount due on the new oven can be determined by an inspection of the accounts kept by plaintiff as the work progressed.

The next and last contention is that the oven was permanently attached to the realty and became a part thereof, thus defeating plaintiff's right to claim a lien on the oven or remove it.

There has been much written on this subject. Where, as here, no rights of third parties are involved, the first and best test to be applied in order to determine whether or not machinery attached to realty, remains personal property or becomes a part of the realty, is the intention of the parties. When necessary, other tests may be applied in determining this question, but where, as here, the intention of the parties may be determined from their contract, such intention should control, regardless of other tests and rules of law which are applied in determining the question, in the absence of the expressed intention of the parties. [American Clay Machinery Co. v. Sedalia Brick & Tile Co., 174 Mo. App. 485, 160 S. W. 902.]

This being true, our question is whether or not it was the intention of the parties that after the oven was installed on defendant's premises, it should remain personal property or become a part of the realty. The contract does not recite in express terms that the oven should remain personal property, but it does provide that if defendant fails to make the payments provided for in the contract, plaintiff may enter upon defendant's premises and repossess, remove, take away and enjoy the said oven as though the said agreement of letting had never been made. The contract further provides that if plaintiff should make no default in payment of any installments when due, plaintiff would execute and deliver to defendant a bill of sales for said oven, the consideration of which should be the amount of the installments theretofore paid by defendant.

The intention of the parties as expressed in the contract was that title to the oven should remain in plaintiff until the last installment of the purchase price was paid, with a right in plaintiff to remove the oven from defendant's premises if not paid for as provided in the contract. This being true, the oven did not become a part of defendant's realty at the time it was installed. [American Clay Machinery Co. v. Sedalia Brick & Tile Co., supra; Fred W. Wolf Co. v. Hermann Savings Co., 168 Mo. App. 549, 153 S. W. 1094; Pile v. Holloway, 129 Mo. App. 593, 107 S. W. 1043; McLain Investment Co. v. Cunningham, 113 Mo. App. 519, 87 S. W. 605; Priestly v. Johnson, 67 Mo. 632; Lowenberg v. Bernd, 47 Mo. 297.]

Cases discussing what are and what are not removable fixtures, in the absence of a contract providing for removal, are not in point here, because the parties agreed that the title to the property should remain in plaintiff, with a right to remove it if it was not paid for. When personal property is sold to be affixed to realty, the contracting parties may, as between themselves, fix the *status* of the property. [47 Kan. 442, 28 Pac. 168.]

Neither would the fact that removal of the oven might injure it, or injure defendant's property, defeat plaintiff's right to remove it. Defendant knew where and how the oven was to be installed on his

premises and knew what the effect of its removal would be. One may use his own property as he pleases, if in so doing, he does not injure others. Defendant chose to agree that the oven might be removed if default was made in the payment of the purchase price. He is bound by his contract. Defendant could not be affected by possible injury to the oven caused by its removal from his premises. He did not own the oven, and therefore would not be affected by injury to another's property. [Baker v. McClurg, 198 Ill. 28.]

We find no reversible error in the record and therefore affirm the judgment. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.