## WHITE v. KARL KIEFER MACHINE CO.
### No. 11981.

Circuit Court of Appeals, Eighth Circuit.
April 10, 1942.

Edward W. Tobin, of St. Louis, Mo., for appellant.

Peter H. Husch, of St. Louis, Mo. (Wilbur B. Jones and Salkey & Jones, all of St. Louis, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The question for decision in this case is whether the seller in a conditional sales contract, under the laws of Missouri, has an enforceable lien upon the subject matter. The trial court so decided and the trustee in bankruptcy has appealed.

There are no facts in controversy. The Old Franklin Distillery, Inc., was adjudicated a bankrupt upon its voluntary petition, filed November 22, 1939. Prior to that, towit, October 26, 1937, it entered into a conditional sales contract with the appellee, Karl Kiefer Machine Company, for certain equipment to be used by it in the operation of its business. The contract price for such machinery was $2,175.00. This was increased by one hundred dollars for certain alteration charges, the aggregate amount being $2,275. Payments were made on the purchase price beginning at the time of delivery and continuing thereafter until a balance of $962.50 remained unpaid. The equipment was delivered December 13, 1937, and on the same day the conditional sales contract was filed for record in compliance with the requirements of

the Missouri law. The contract was conventional and reserved full title to the seller "until the purchase price has been fully paid in cash." Upon default in the payment of the balance due, and on December 23, 1938, appellee instituted an action in a court of competent jurisdiction to recover said amount, and, in addition thereto, prayed that "said judgment be a special lien upon the machinery and equipment hereinbefore mentioned" and that "said machinery and equipment be sold pursuant to such judgment and decree." On August 21, 1939 a judgment or a decree was entered in favor of the appellee. Such judgment or decree was responsive to the averments and prayer of the petition. A special execution was issued on October 18, 1939. Levy was made by the sheriff on November 21, 1939, and on the next day the buyer (the bankrupt) filed its voluntary petition in bankruptcy and was concurrently adjudicated. The trustee contends that the lien was created within four months of the date bankruptcy intervened and the corporation, being admittedly insolvent, such lien is null and void under Section 107, Title 11 U.S.C.A. A pertinent part of said section is as follows:

"(5) * * * b. * * * statutory liens in favor of employees * * . *, or other classes of persons, * * * created or recognized by the laws * * * of any State may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *."

■ 1. The courts of Missouri, (controlling in this case) have construed Sections 3515 and 3516, R.S.Mo.1939, relating to conditional sales contracts as affording to the vendor three remedies. This was aptly expressed in General Excavator Co. v. Emory, 40 S.W.2d 490, loc. cit. 492, where the St. Louis Court of Appeals said:

"* * * It seems now to be well settled that under a conditional sales contract, upon default in the payment of the purchase price, the vendor may, at his option, either retake the property, sue for the purchase price, or *foreclose his lien* * * *. Where it is the latter remedy that is chosen, the vendor is held to have elected to treat the property sold as security for the unpaid purchase price, and the amount of the price unpaid is held to create an equitable lien upon the property, upon which he may foreclose in a court of equity, * * *."

This appears to be a lien "created or recognized" by the courts of Missouri as a statutory lien. Accordingly, the vendor would have a right to perfect his lien, even within four months of bankruptcy.

2. However, whether springing from the statute by construction or otherwise, it is a recognized enforceable pre-existing lien. In re Cherokee Public Service Co., 8 Cir., 94 F.2d 536, loc. cit. 538; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979.

The case of Langford v. Fanning, Mo. App., 7 S.W.2d 726, 728 does not support the contention of appellant that the lien was *obtained* against the property within four months of bankruptcy. In the latter case a mortgage was given on property not yet in existence. The court held that by such mortgage "an equitable lien only will attach to it, *which lien may be enforced by equitable proceedings instituted by the mortgagee, either against the mortgagor, or against those claiming title to the property under the latter, who had notice of the equity of the mortgagee before their own titles or liens attached.*"

Because such a proceeding had not been instituted the court took occasion to say:

"However, it must be borne in mind that, while such a lien may be thus susceptible of enforcement, it is, nevertheless, but a mere floating and ineffective equity until such time as a judgment or decree is rendered actually subjecting the property to the payment of the debt or claim."

In the instant case the vendor had instituted its suit to enforce its lien and had actually obtained a decree of foreclosure, though the latter was entered within four months of bankruptcy.

■ 3. Moreover, wholly apart from the statute, under the laws of Missouri, a conditional sales contract gives the seller an enforceable lien on the subject matter. While there is a conflict of authorities on this question in many jurisdictions, there is no such conflict in Missouri.

As said in 55 C.J. 1194, Section 1170: "In many jurisdictions it is held that the security so retained is a lien."

The Missouri authorities are uniform and consistent in holding that the vendor may treat the unpaid purchase price as a lien on the property as was done in this case. Wayne Tank & Pump Co. v. Quick Service Laundry Co., Mo.App., 285 S.W. 750; Keystone Press v. Bovard, Mo.App., 153 S.W.2d

130; Kolb v. Golden Rule Baking Co., 222 Mo.App. 1068, 9 S.W.2d 840; Fred W. Wolf Co. v. Hermann Savings Bank, 168 Mo. App. 549, 153 S.W. 1094.

The appellee was also seeking in the state court suit to enforce its lien and not create one. The lien springs from the very nature of the contract.

The decision of the trial court was correct and is affirmed.