LEVI SPEAR AND ANOTHER *vs.* DENISON P. COON.

A deposition taken for and used upon the hearing of a petition for a new trial may be afterwards used upon the trial of the original case.

The petition for a new trial and the action to which it pertains, are not distinct causes, but parts of the same cause.

It is no objection to a deposition taken in a remote state, at the taking of which the other party though notified was not present, that the deponent is one of the plaintiffs in the suit, and since it was taken and before the trial he has been for several weeks in the town where the defendant resides and could have given a

Spear *v.* Coon.

new deposition, so long as the deponent is in fact absent from the state at the time of the trial.

It seems that it is not indispensable, where a deposition is sealed up and sent to the court, that the magistrate should have certified upon the deposition that it was sealed up by him.

And it seems that the requirement of the statute that depositions should be directed by the magistrate to the court in which they are to be used, is sufficiently complied with by a direction of them to the clerk of the court.

ASSUMPSIT. After a trial to the jury in the superior court and a verdict for the defendant, the plaintiffs brought a petition for a new trial, which was granted by the superior court, and the case again tried to the jury upon the same issue before *Carpenter, J.* The deposition of Nathan Spear, one of the plaintiffs, had been taken to be used on the trial of the petition for a new trial, and was so used without objection from the defendant. It was taken at Leavenworth, in the state of Kansas, where the deponent then and still resided, the defendant having been notified but not attending at the taking of it. After the petition was granted, and before the new trial was had, the deponent was in the city of Norwich, New London county, where the defendant resided, and at the house of Levi Spear, the other plaintiff, and remained there for several weeks, and was in a condition to give his deposition during the whole of the time. He was however absent when the new trial was had. Upon the second trial of the case the plaintiffs offered in evidence the same deposition, but the defendant objected to its admission; 1st, because taken to be used on the hearing of the petition for a new trial and not on the trial of the cause itself; 2d, because the deponent had been, since the petition was granted, in Norwich, as above stated, and the plaintiffs might have taken his deposition; 3d, because the deposition was not directed to the superior court for New London county, but to Robert Coit, Esq., clerk of the superior court for New London county; 4th, because the magistrate who took the deposition had not certified that it was sealed up by him, and there was no evidence of that fact. But the court overruled the objections and allowed the deposition to be read.

The jury having returned a verdict for the plaintiffs the defendant moved for a new trial.

*Wait* and *Hovey*, in support of the motion.

1. Evidence taken in one case is not admissible in another though the parties may be the same and the matters in issue the same, unless the witness is dead or insane or kept out of the way by the other party. Buller N. P., 239 ; *Powell* v. *Waters*, 17 Johns., 176, 179 ; *Wilbur* v. *Selden*, 6 Cowen, 162 ; *Crary* v. *Sprague*, 12 Wend., 41; *Weeks* v. *Lowerre*, 8 Barb., 530 ; *LeBaron* v. *Crombie*, 14 Mass., 234, 236 ; *Brogy* v. *The Commonwealth*, 10 Grattan, 722 ; *Finn* v. *The Commonwealth*, 5 Rand, 701.; *Bishop* v. *Tucker*, 4. Rich. (Law,) 178 ; *Dobson* v. *Doe*, 2 Blackf., 309 ; *Bergen* v. *The People*, 17 Ill., 426 ; 1 Phill. Ev., (C. & H. ed.,) 393. Some American cases however hold that such evidence is admissible where the witness is out of the jurisdiction of the court and can not be produced. But such a rule ought not to be adopted in Connecticut, where the party has the power by statute to take the deposition of witnesses out of the state without a commission from the court; and especially should not be applied in a case like this, where the witness is a plaintiff in the suit, and might have been personally present at the trial, or given a new deposition while staying in Norwich shortly before the trial. A petition for a new trial is wholly a different case from the cause to which it relates. The issue is different, the matter investigated and on which evidence is heard is different. In the one case the inquiry is whether by reason of surprise or other good cause the party should be allowed a new trial ; in the other it is whether the plaintiff is entitled to a verdict against the defendant. The real merits of the cause itself are not put in issue at all at the hearing of the petition.

2. The deposition should have been directed to the superior court, and not to the clerk of the court. The statute expressly provides that depositions shall be " directed to the court where they are to be used." Rev. Stat., tit. 1, § 115.

3. It should have appeared from the certificate of the magistrate, or from other evidence, that the deposition was sealed up by him. The statute expressly provides that it must be sealed up by the magistrate. Rev. Stat., tit. 1, § 115.

4. The objections to the want of formal regularity in the deposition were not waived by the omission to take them when it was read on the hearing of the petition for a new trial. *Willard* v. *Goodenough*, 30 Verm., 393.

*Halsey* and *A. F. Park*, contra.

1. The petition and the action were not separate causes, but parts of the same cause. They were between the same parties, and the matters in issue were the same. This being so the deposition was properly admitted. 1 Greenl. Ev., §§ 553, 554; 2 Phill. Ev., (C. & H. ed.,) 215, 219; *Wade* v. *King*, 19 Ill., 301; *Wertz* v. *May*, 21 Penn. S. R., 274; *Kercheval* v. *Ambler*, 4 Dana, 166.

2. All formal objections to the deposition were waived by the defendant when he admitted it in evidence without objection upon the hearing of the petition. *Evans* v. *Hettich*, 7 Wheat., 453; *Bartlett* v. *Hoyt*, 33 N. Hamp., 151; *Perry* v. *Whitney*, 30 Verm., 390.

3. It is no reason for requiring the deposition to be taken over again that the deponent was here after the petition for a new trial was granted. It is sufficient that the reason for taking the deposition was in force when it was offered in evidence. 1 Greenl. Ev., §§ 322, 323.

DUTTON, J. The only question in this case, worthy of serious consideration, is, whether a deposition which has been used on a petition for a new trial in a case may be used again on a subsequent trial of the same case. Other objections have been made to what are claimed to be irregularities in the mode of taking the deposition. It was directed to the clerk of the superior court, instead of, as the statute specifies, to the superior court, and although it was sealed up, the justice did not certify that it was sealed up by him. Whether either of these objections would have prevailed if taken when the deposition was first offered it is not necessary to decide. We would not however be understood as intimating an opinion that there is any substantial difference between directing a deposition to a court and to the clerk of the same court, who in both cases would be the proper person to receive and open it, or that in

the absence of any proof to .the contrary there would not be a legal presumption that the sealing up was by the officer who alone was authorized to do it. If the statute required the certificate of the officer to that effect it would present a different question. But it appears in this case that when the deposition was offered on the trial of the petition for a new trial, no objection was made on either of these grounds, and it must be considered therefore that it was waived.

We come then to the inquiry whether the deposition was admissible on the trial of the case after a new trial had been granted. We are clearly of the opinion that it was. We do not consider it necessary to examine the numerous authorities that have been quoted on both sides, which would be applicable only on the supposition that the petition for a new trial and the new trial itself were distinct cases. We do not so regard them. We consider them as parts of the same proceedings. The petition for a new trial has no object regarded as an independent process. The court is called upon to weigh the evidence introduced on the former trial with reference to some point in issue, in connection with new evidence introduced upon the same point, and determine whether justice requires that there shall be a new hearing. It is implied as a matter of course that the same evidence which is presented to the judge will be presented again to the jury on the new trial. It would be strange therefore if the evidence which is so taken that it is proper for the judge to hear it, should not under similar circumstances be admissible for the jury to hear.

It is claimed that, admitting that the deposition was otherwise admissible, yet that it was taken at a distant place, in the absence of the other party, and that the deponent, who is a party to the suit, was a short time before the trial in the place where the other party resides. We know of no such ground for excluding the deposition. It does not appear that at the time of the trial the deponent was either in court or within reach of process. The objection assumes that the deposition was legally taken.

We see no ground for a new trial.

In this opinion the other judges concurred.