GRAVES *v.* TOWNSHIP OF DORR.

1. JUDGMENT—NON OBSTANTE VEREDICTO—DISAGREEMENT OF JURY.
   In a case where the jury have disagreed and been discharged, and the case continued over the term, the circuit judge cannot afterwards enter a judgment *non obstante veredicto* on the motion made therefor upon the trial, since the statute, section 1, Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1915, § 14568), contemplates that a verdict must be entered and must be adverse to the party making such request.

2. TRIAL—DISAGREEMENT OF JURY—RIGHT TO JURY TRIAL.
   Under 3 Comp. Laws 1915, § 12625, when the jury disagrees and is discharged, that trial is ended, and the parties are entitled to another jury trial.

Error to Allegan; Cross (Orien S.), J. Submitted October 24, 1919. (Docket No. 36.) Decided December 23, 1919.

Case by Robert P. Graves against the township of Dorr for personal injuries. Judgment for defendant

on a directed verdict after a disagreement of the jury. Plaintiff brings error.    Reversed.

*Cornelius Hoffius* and *Fred P. Geib,* for appellant.

*Wilkes & Stone,* for appellee.

STONE, J.    This action was brought to recover damages for personal injuries sustained by the plaintiff when an automobile in which he was a passenger tipped over into a ditch at the end of a bridge spanning the "Bisbee Drain," so-called, which crossed the highway on the township line between the townships of Leighton and Dorr in Allegan county.    The defendant had charge of the part of the highway where the injury occurred.    There was a jury trial.    Upon the trial it was the contention of the defendant that plaintiff could not recover for the reason that the driver of the automobile was guilty of contributory negligence, which negligence was imputable to the plaintiff. At the close of the plaintiff's case, and again at the close of all the testimony, defendant's counsel moved for a directed verdict in its favor.    The trial court reserved its decision, and announced that it would submit the case to the jury under the Empson act, so-called (Act No. 217, Pub. Acts 1915 [3 Comp. Laws 1915, § 14568 *et seq.*]).    The case was submitted to the jury under a lengthy charge.    The jury retired about three o'clock in the afternoon, and after remaining out until about five o'clock on the day following, were dismissed by the court without having reached an agreement; and thereupon the following order was entered upon the journal of the court on January 3, 1919:

(Omitting title of court and cause.)

"In this cause the jury returned into court that they are unable to agree upon a verdict.    Thereupon it was ordered by the court now here that the jury be excused from further consideration of this cause, and that the said cause be continued, for trial at the next term of this court."

Thereafter, and on January 8, 1919, the attorneys for the defendant entered a motion, and noticed the same for hearing,—

"for a decision of the motion made and entered by the attorneys for the defendant in said cause at the close of the testimony and before the case was submitted to the jury, requesting the court for a directed verdict in its favor. And, requesting the court to enter judgment in said cause in favor of the defendant, for the reason that under the undisputed evidence in the case, the plaintiff, and Roy Stephenson, the driver of the automobile, were guilty of contributory negligence, and for the reason that the plaintiff being guilty of contributory negligence under the undisputed facts, is not entitled to recover."

Plaintiff appeared in opposition to said motion, and objected to the granting of the same for the following reasons:

"1. Because in case of a disagreement of a jury, it is the duty of the court under section 12625, 3 Comp. Laws 1915, to order the case tried before another jury.

"2. Because under the Empson law, so-called, the same being Act No. 217 of the Public Acts of 1915, this court has no jurisdiction to direct a verdict after the jury is dismissed.

"3. Because under the Empson law the power of the court is limited to the entering of a judgment, notwithstanding the verdict; and where there is no verdict upon which to act, as in the case at bar, the court has no authority to enter any judgment, but must order the case retried before another jury."

Thereafter, and on January 18, 1919, the said motion and objections were argued before the trial judge. On April 9, 1919, the learned trial judge filed his decision of the motion in which, after alluding to the motion for a directed verdict, he said:

"Decision upon the motion was reserved, and the case submitted to the jury. The jury were unable to agree upon a verdict, and the motion was renewed. From the testimony it appears that the driver of the automobile was guilty of contributory negligence. and

that plaintiff cannot recover because of such contributory negligence. It is therefore ordered that the motion of said defendant be granted, and a judgment of no cause of action be entered."

And on June 30, 1919, a formal judgment was entered for the defendant.

Plaintiff has brought error, and by his assignments of error, numbers 26 to 32 inclusive, he raises the same questions as were presented in his objections to the motion for judgment. The question is here squarely presented whether, in a case where the jury have disagreed and been discharged, and the case continued over the term, the circuit judge can afterwards enter a judgment on the motion for a directed verdict made upon the trial.

If it can be done, authority for such practice must be found in the Empson act, so-called. Section 1 of that act is as follows:

"Hereafter in all civil actions at law, in courts of record, if either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case. After the case is thus submitted to the jury, or after receiving and recording the verdict of the jury and before judgment is entered in said case, the court may hear arguments of counsel for and against said request, but in all such cases shall receive and record the verdict of the jury as rendered. If the court shall then decide as a matter of law, that the party requesting the directed verdict was entitled thereto, and if the verdict of the jury is adverse to the party making such request, the court shall enter its decision on the record and order judgment in accordance with such decision notwithstanding the verdict entered, and the party against whom such judgment is entered shall have an exception to such action of the court as a matter of course. If such request is denied an exception in favor of the party making such request shall follow as a matter of course."

We have no doubt that at any time before the jury are discharged from consideration of the case the trial court may direct a verdict and judgment. But after the jury have disagreed and have been discharged, we think that the circuit judge has no power to enter a judgment in the case. Section 12625, 3 Comp. Laws 1915 (being a part of the judicature act and approved later than was the Empson act), provides that if the jury cannot agree, after being kept together for such a time as shall be deemed reasonable, they shall be discharged, and another jury drawn; "and the same proceedings shall be had before such new jury as might have been had before the jury so discharged." When the jury were discharged, that trial was ended,—was nugatory and futile. And the plaintiff was entitled to another jury trial.

A judgment *non obstante veredicto* is a judgment entered by order of the court for one party, although there has been a verdict for the other party. And the motion for the judgment can be made only by the party against whom the verdict goes. 23 Cyc. p. 778. See also Black's Law Dictionary—title *"Non Obstante Veredicto."*

Section 1 of the Empson act, above quoted, requires that "in all such cases (the court) shall receive and record the verdict of the jury as rendered." Manifestly, this could not be done where, as here, there was no verdict to receive and record. It is also provided that if the court shall then decide, as matter of law, that the party requesting the directed verdict was entitled thereto,—

"and if the verdict of the jury is *adverse* to the party making such request, the court shall enter its decision on the record and order judgment in accordance with such decision *notwithstanding* the verdict entered."

It certainly cannot be said here that "the verdict of the jury" was adverse to the moving party, because

there was no verdict. It must be held that unless a verdict was returned by the jury there cannot be, under the Empson act, a judgment *non obstante veredicto.*

We also think that upon this record the court had, by its order of continuance, lost jurisdiction to enter a judgment at that term of the court. We are of the opinion that the judgment appealed from was void, and should be reversed and vacated, with costs to plaintiff, and the case remanded to the jurisdiction of the trial court for trial. It is so ordered.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.