JONESCU *v.* ORLICH.

1. JUDGMENT—NON OBSTANTE VEREDICTO—EMPSON ACT.
   Where the verdict for defendant was set aside by the trial judge because of error in the charge, and a new trial granted, he was without power to enter a verdict *non obstante veredicto* for defendant under the Empson Act (3 Comp. Laws 1915, § 14568 *et seq.*), since the provisions of said statute apply only where the verdict of the jury was for the adverse party.

2. APPEAL AND ERROR — EMPSON ACT—AVAILABLE ERROR—PRAC-TICE.
   If upon the whole record a verdict should have been directed for defendant, erroneous application of the Empson Act will not preclude defendant's counsel from insisting that the errors assigned by plaintiff were not prejudicial.

3. SAME—APPELLANT'S RIGHT TO SUE OUT WRIT OF ERROR NOT CURTAILED BY VACATION OF ORDER FOR NEW TRIAL.
   Although it was within the power of the trial judge

granting plaintiff's motion for a new trial to later vacate the order therefor, plaintiff's right to sue out a writ of error from the Supreme Court could not be curtailed thereby, on objection that it was not seasonably issued, since it is obvious that there was no occasion for plaintiff to sue out a writ of error while said order was standing.

4. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE — QUESTION FOR JURY.

In an action against an employer for the alleged negligent death of a servant, where the testimony was conflicting as to whether the relation of deceased to defendant was that of an employee or an independent contractor, the trial judge was not in error in submitting said issue to the jury.

5. EVIDENCE—TESTIMONY ON MOTION FOR NEW TRIAL ADMISSIBLE ON NEW TRIAL.

Testimony given by a witness upon the hearing of a motion for a new trial, where she was fully cross-examined, was properly received in evidence on the new trial, on a showing that she had left the country; and the objection that the testimony is not admissible because not given on the former trial is without merit.

6. SAME—EVIDENCE—WEIGHT OF EVIDENCE FOR JURY.

Where the testimony was conflicting, the case was properly submitted to the jury; the weight of the testimony, under all the circumstances, being for the jury.

7. MASTER AND SERVANT—TRIAL—INSTRUCTIONS—BURDEN OF PROOF.

It was error for the trial judge to charge the jury that the burden was on plaintiff to establish that deceased was free from wilful negligence.

Error to Wayne; Jayne (Ira W.), J. Submitted June 6, 1922. (Docket No. 4.) Decided October 2, 1922.

Case by Letitia Jonescu, administratrix of the estate of Laker Jonescu, deceased, against John Orlich for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Benjamin & Betzoldt,* for appellant.

*Duncan C. Beath,* for appellee.

FELLOWS, C. J.    This is the second appearance of this case in this court.    The opinion when the case was here before will be found reported in 208 Mich. 89. The facts are there stated and need not here be repeated except as certain of them appearing in this record may become important in considering the questions here involved.    Our first duty will be to untangle the situation which the record presents by reason of certain orders made by the trial judge and to which much attention was given upon the oral argument.    The trial was completed February 28, 1920, when the case was submitted to the jury, resulting in a verdict for defendant.    March 5th judgment was entered on the verdict.    Plaintiff made a motion for a new trial shortly after verdict but the same was not finally disposed of until November 18th following, when it was granted, the trial judge stating that he was satisfied he had misdirected the jury upon a material matter of law.    The trial judge then announced that there was a motion before him to direct a verdict of no cause of action.    Defendant's counsel announced that he orally made such motion and the trial judge, accompanied by a review of the evidence, said:

"And I do direct a verdict of no cause of action for the defendant at the close of the testimony."

It is patent from the record that both the trial judge and counsel for the defendant then entertained the view that they were acting in accordance with the provisions of the Empson act (3 Comp. Laws 1915, § 14568 *et seq.*), as the defendant's counsel had at the conclusion of the proofs moved for a directed verdict and the trial court had intimated that he would let

the case go to the jury and would reserve decision, and the order entered on the last named motion is as follows:

"In this cause a motion for judgment *non obstante veredicto* coming on to be heard and being duly argued by counsel, it is ordered that the said motion be and it hereby is granted."

Plaintiff's counsel later made a motion to correct the record and on January 28, 1921, an order was entered setting aside the order granting a new trial and on June 7th reasons for denying the motion for a new trial were filed. The learned trial judge and defendant's counsel apparently misconceived the provisions and purpose of the Empson act. Here the defendant had verdict. In the ordinary course of events, he would be entitled to judgment on the verdict instead of a judgment notwithstanding the verdict. The language of the act is:

"If the court shall then decide as a matter of law, that the party requesting the directed verdict was entitled thereto, *and if the verdict of the jury is adverse to the party making such request,* the court shall enter its decision on the record and order judgment in accordance with such decision notwithstanding the verdict entered." * * *

In *Graves* v. *Township of Dorr,* 208 Mich. 558, where this provision was before us, it was said by this court, speaking through Mr. Justice STONE:

"A judgment *non obstante veredicto* is a judgment entered by order of the court for one party, although there has been a verdict for the other party. And the motion for the judgment can be made only by the party against whom the verdict goes."

The Empson act has no application to the situation disclosed by this record and the order based thereon was a nullity. This irregular practice, however, does.

not preclude defendant's counsel from insisting that the errors assigned were not prejudicial if upon the whole record a verdict should have been directed for defendant and we shall in due course consider that question.

From November 18, 1920, to January 28, 1921, there was an order granting plaintiff a new trial standing upon the journal of the court. It must be obvious that during that period there was no occasion for plaintiff to sue out a writ of error from this court. By later setting the order aside plaintiff's rights could not be curtailed. Defendant's objection that the writ was not seasonably issued is therefore overruled. It was within the power of the trial judge to vacate the order granting a new trial, and likewise within his power to deny the motion for a new trial. Having thus cleaned the slate of the preliminary question, we shall proceed to consider the merits of the assignments of error.

The trial judge was not in error in submitting to the jury the question of whether deceased was an independent contractor. While the testimony, including the report of defendant to the industrial accident board (improperly made), tended strongly to sustain the relation of employer and employee, there was testimony tending to show that deceased had the right to control the method and means to be used to produce the results; he was a contractor, hired the men to perform the work, and there is testimony that while he charged defendant 55 cents an hour for their time he only paid them 50 cents an hour. Considering all the testimony in the case we think this was a jury question.

The declaration counted on the relation of master and servant and the negligence charged against defendant is a violation of his duty as master; it is,

therefore, unnecessary to consider what duty devolved upon him if decedent had been an invitee.

It will be noted from the former opinion that after the first trial defendant made a motion for a new trial based on the ground of newly-discovered evidence, that of Draga Popov. This record discloses that upon the hearing of that motion Draga Popov was subpœnaed and testified that she saw deceased and defendant's brother Andrew on the platform, that Andrew got hold of deceased, shook him "and that he let him out of his hands" and he then fell through the skylight. She was fully cross-examined on the subject by plaintiff's counsel. She also testified that she had informed defendant of this some time before the first trial. Upon this trial defendant, after proving that Draga Popov had left this country and returned to her native land, offered this testimony. Its admissibility raises the important question in the case. We do not understand that any question is raised but that the proper foundation was laid, the objection being that it not having been given upon the former trial of the case, but having been given upon the motion for a new trial, there was not the identity of issue required by the law, and it is, therefore, not admissible upon the trial of the main issue between the parties.

It is not claimed that the precise question here involved has been before this court. Counsel has cited us no case exactly in point, and in the time at our disposal we have found but one (*Spear* v. *Coon*, 32 Conn. 292). The precise question here involved was there considered and it was the only question of importance in the case. It was there said:

"The only question in this case, worthy of serious consideration, is, whether a deposition which has been used on a petition for a new trial in a case may be used again on a subsequent trial of the same case."

The court there considers the regularity of the taking of the deposition and its filing and says:

"We come then to the inquiry whether the deposition was admissible on the trial of the case after a new trial had been granted. We are clearly of the opinion that it was. We do not consider it necessary to examine the numerous authorities that have been quoted on both sides, which would be applicable only on the supposition that the petition for a new trial and the new trial itself were distinct cases. We do not so regard them. We consider them as parts of the same proceedings. The petition for a new trial has no object regarded as an independent process. The court is called upon to weigh the evidence introduced on the former trial with reference to some point in issue, in connection with new evidence introduced upon the same point, and determine whether justice requires that there shall be a new hearing. It is implied as a matter of course that the same evidence which is presented to the judge will be presented again to the jury on the new trial. It would be strange therefore if the evidence which is so taken that it is proper for the judge to hear it, should not under similar circumstances be admissible for the jury to hear."

See, also, 16 Cyc. p. 1094, 2 Wigmore on Evidence, § 1387 *et seq.* We think the testimony was properly received.

Did the testimony of this witness when considered in connection with all the other testimony in the case and the legitimate inferences to be drawn from established facts remove the case from the domain of facts so that the trial judge should have directed a verdict for the defendant? We think not. As we have stated upon a material point it was flatly contradicted by the affidavit of defendant, her description of the deceased did not tally with that given by the other witnesses, and there was absolutely no evidence of motive; indeed the testimony showed that deceased had done considerable work for Andrew and there is no claim

that their relations were not friendly and cordial. In *Boudeman* v. *Arnold*, 200 Mich. 162 (8 A. L. R. 789), we said:

"Where the testimony is all one way, is uncontradicted by any testimony given in the case, either from a party's own witnesses, or the other party's witnesses, either on direct or drawn out on cross-examination, or by any facts or circumstances in the case, is not in itself in any way improbable or discredited, and but one legitimate inference may be drawn from it, and a case is thereby made for the plaintiff or a defense made for the defendant, the duty rests upon the court to direct a verdict."

Measured by this rule we think the case was not one of law for the court but one of fact for the jury. See, also, *Crampton* v. *Crampton*, 205 Mich. 233; *Ricketts* v. *Froehlich*, 218 Mich. 459. The weight to be given the testimony under all the circumstances in the case was for the jury. It was receivable in evidence, and defendant is not estopped from using it upon the second trial because he did not learn or make use of it on the first trial. The case having been sent back for a new trial, such trial was one *de novo.*

The trial judge charged the jury that the burden was on plaintiff to establish that deceased was free from wilful negligence. This was error. *Freeman* v. *Railroad Co.*, 191 Mich. 529. It is so conceded by all.

For this error the judgment will be reversed with a new trial. Plaintiff will recover costs of this court.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.