STANABACK v. McFADDEN.

1. JUDGMENT—INADVERTENT JUDGMENT NULLIFIED BY SUBSEQUENT ENTRY OF JUDGMENT NON OBSTANTE.

Where, on entering judgment *non obstante veredicto* for defendant, it was not called to the attention of the trial court that judgment for plaintiff on the verdict had been

inadvertently entered, probably by the clerk on his own
initiative, the Supreme Court will treat the judgment
entered for defendant as in itself a nullification of that
entered for plaintiff, in view of the decision arrived at
that she is not entitled to recover.

2. INFANTS—WARD OF STATE MAY NOT BE EMANCIPATED BY ONE
HAVING CUSTODY.
One having the care and custody of a ward of the State
until she reached the age of 18 years under the provisions
of 1 Comp. Laws 1915, § 1510, could not lawfully emanci-
pate said ward during said period, because she still con-
tinued to be a ward of the State.

3. SAME—INFANT WARD COULD NOT LEGALLY CONTRACT HER
SERVICES.
A contract by a ward of the State for her services rendered
in a home other than that approved by the authorities
under 1 Comp. Laws 1915, § 1510, is not enforceable in a
suit by said ward after she reached her majority, since
its enforcement would tend to render abortive the pro-
visions of the law and lead to results not in the interest
of the child.

Error to Macomb; Collingwood (Charles B.), J.,
presiding.     Submitted October 10, 1923.     (Docket
No. 72.)     Decided December 19, 1923.

Assumpsit by Evelyn Stanaback against William
McFadden for services rendered.     Judgment for de-
fendant *non obstante veredicto.*     Plaintiff brings
error.     Affirmed.

*Warren S. Stone,* for appellant.

*William T. Hosner,* for appellee.

SHARPE, J.     Mary Russell, who lived with her hus-
band on a farm in Macomb county, made application
in 1911 to the superintendent of the State public
school at Coldwater to have the plaintiff, an inmate
of said school, then 9 years of age, placed in her
home.     A written agreement between Mrs. Russell

and the board of control of said school was executed pursuant to the provisions of section 1510, 1 Comp. Laws 1915, under which she agreed to keep plaintiff until she reached the age of 18 years, to "maintain and treat her kindly and properly as a member of her family," to "cause her to attend church and Sunday school regularly," to provide for her education to the end that she should become self-supporting, and, at the expiration of the agreement, to furnish her with certain clothing enumerated therein. The board reserved the right to cancel the agreement "whenever in its opinion the interest of the child requires it." Mrs. Russell reserved the right of cancellation within 60 days from its date on returning the child to the school.

Near the Russell home was that of Stephen McFadden, an uncle of Mrs. Russell's husband. Mr. and Mrs. McFadden were old and very infirm. Their son William, the defendant, 52 years of age, was the only other member of the family. Mrs. Russell spent much time at this home caring for the old people and doing the housework. She testified:

"Evelyn went to McFadden's because I was there so much and I couldn't take care of both houses; it was a little too much for me and Evelyn wanted to go there and she suited me very well and Aunt 'Liza was old and needed somebody; it was so she could call me; I always nursed them through sickness. My husband is a nephew of the McFadden's.   *   *   *

"After she went to McFadden's I went there once or twice a week any way, and sometimes more. I always did the house cleaning twice a year; I did the washing and baking until Evelyn quit school and after that Evelyn was able to do the washing. She did the housework excepting the washing and ironing and after that she did that by Bill's help. I have seen Mrs. Fitzgerald and her sister help her. Nellie would come and spend the summer vacation most always and she assisted Evelyn with all the work. Evelyn left there in November, 1919."

This was in 1915. Evelyn was then 14 years of age. She remained at the McFadden home nearly all of the time until the death of the old people in 1918. She attended school until she was 16 and after that devoted her entire time to the housework and the care of these aged people.

It is plaintiff's claim that while at this home defendant promised her "if I would stay there until after the old folks were gone that I had a piece of change coming when they were through." After the death of the old people, Mrs. Russell moved into the McFadden home. Plaintiff was discharged by the school authorities after she became 18, and was paid wages thereafter by Mrs. Russell. She afterwards married. On April 17, 1922, after she had attained her majority, she began this action to recover for the services claimed to have been rendered under the agreement with defendant. She had verdict for $1,000, on which judgment was entered. Afterwards a judgment was entered for the defendant. This, plaintiff reviews by writ of error.

Defendant had moved for a directed verdict. Decision on this motion had been reserved. After the verdict had been taken, an order was made giving defendant 20 days in which to present and argue this motion. Judgment for plaintiff was entered on the following day. This was doubtless done by the clerk on his own initiative and the entry no doubt escaped the attention of the judge when approving the journal. It does not appear that his attention was called to it when considering the motion for or entering judgment *non obstante veredicto*. In view of the conclusion we have reached as to plaintiff's right to recover, she will in no way be benefited by a reversal as the record can then be corrected by vacating the judgments entered and the re-entry of a judgment for defendant. *Wulff* v. *Bossler*, 199 Mich. 70. We

therefore treat the judgment entered for defendant as in itself a nullification of that entered for plaintiff. *Jonescu* v. *Orlich*, 220 Mich. 89.

The statute uses the words "guardianship" and "indenture" in relation to the contract entered into. It is apparent that the intent of the law was to provide suitable homes for children committed to the school and to place upon persons taking them into their homes the duty to care for and educate them, to the end that when discharged they should be self-supporting. Mrs. Russell could not relieve herself from this obligation without the consent of the board of control as the time within which she might have canceled the agreement had long since expired. Under the agreement and the provisions of the law relating thereto, she could not lawfully emancipate the plaintiff. To hold that she might relieve herself of the duty imposed on her under the agreement and permit the plaintiff to enter the employ of another for hire would be to nullify the intent of the legislature, clearly expressed, that such a child should at all times until discharged be under the care and custody of some suitable person who by written agreement had bound himself or herself to care for her as therein provided. When received at the school she became a ward of the State and continued so, subject to the right to her custody and services secured to Mrs. Russell under the agreement, until she should be discharged according to law. The enforcement of such a contract would, we think, tend to render abortive the provisions of the law and lead to results not in the interest of the child. After plaintiff had been at the McFadden home a week or a month, if, in the opinion of the county agent, it was not a suitable place for her, he could have compelled Mrs. Russell to take her back into her own home. That plaintiff was promised remuneration for the service she was then rendering

might well have caused her to conceal from the agent circumstances surrounding her life there which, if revealed, would cause him to insist on such return. The desire of plaintiff to earn money must not be permitted to interfere with the purpose of the law, that she be at all times in homes approved of by the authorities and in the custody of a person charged by agreement with the duty of properly caring for her.

The judgment entered for defendant is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.