NOBLE *v.* DETROIT TAXICAB & TRANSFER CO.

MASTER AND SERVANT — NEGLIGENCE — WILFUL NEGLIGENCE—DEF-
INITION—INSTRUCTIONS.

In an action by a servant for personal injuries against
his employer not operating under the workmen's com-
pensation act, where the defense was wilful negligence,
an instruction as to wilful negligence "By that we mean
such conduct as amounts to an intentional wrong, or an
intentional act of negligence, or such conduct of such a
reckless character as shows that the person guilty of
such misconduct was at the time acting in such manner
as shows that he had an utter disregard for the safety
and lives of other persons," *held*, not erroneous in that
the concluding words "of other persons" should have read
"for his own life and safety," in view of the fact that
said instruction was intended to be given in the abstract,
and was followed by an immediate application of the
definition to the issues of the case.

Error to Wayne; Webster (Arthur), J.    Submitted
January 9, 1924.    (Docket No. 28.)    Decided March
5, 1924.

Case by Thomas A. Noble against the Detroit Taxi-
cab & Transfer Company for personal injuries.    Judg-
ment for plaintiff.    Defendant brings error.    Af-
firmed.

*William E. Tarsney,* for appellant.

*Walter M. Nelson* and *Harry L. Diehl,* for appellee.

BIRD, J.    In October, 1914, plaintiff was employed
in defendant's manufacturing plant, in the city of
Detroit.    He was engaged in operating a machine
known as a "jointer."    His claim is that the jointer
was defective and by reason thereof he was seriously

On serious and wilful misconduct of employee as bar to com-
pensation, see note in 4 A. L. R. 116.

On question as to what constitutes serious and wilful mis-
conduct of employee within meaning of workmen's compensation
acts, see notes in L. R. A. 1916A, 75, 243, 355; L. R. A. 1917D,
133.

injured.　At the time of the accident defendant was
not operating under the workmen's compensation law.
Plaintiff, therefore, seeks in this action to recover for
his injuries incurred by reason of the negligence of
the defendant.　The trial resulted in a verdict for
plaintiff of $4,600.

Appellant has assigned but one error, and that is
upon the charge of the court.　The particular in-
struction complained of occurs in the following:

"Wilful Negligence.　By that we mean such conduct
as amounts to an intentional wrong, or an intentional
act of negligence, or such conduct of such a reckless
character as shows that the person, guilty of such
misconduct, was at the time acting in such manner as
shows that he had an utter disregard for the safety
and lives *of other persons.*"

Counsel says that its chief defense was that plaintiff
was injured as a consequence of his own wilful neg-
ligence, and that the concluding words of the instruc-
tion in italics "of other persons" was error; that the
trial court should have said, in substance, "as shows
that he had an utter disregard for *his own* life and
safety."

The record indicates that, in giving the foregoing
instruction, the trial court was merely attempting to
define to the jury what wilful negligence was in the
abstract.　This view is borne out by the context
which followed.　After giving the jury this general
definition of wilful negligence he then proceeded to
make an application of it to the issues in the case,
and in so doing said:

"Now, that is the definition I give you of wilful
negligence or wilful misconduct, and if the defendant
(plaintiff) in this case was guilty of wilful negligence,
as I have defined it, then he cannot recover, no matter
if the defendant company was negligent, and that the
negligence of the defendant company was one of the
proximate causes of the injury.

"*Mr. Nelson:* If the plaintiff, your honor, if the

plaintiff was guilty. (In this Mr. Nelson was calling the attention of the court to the fact that he had misspoken himself and named the defendant when he should have named the plaintiff.)

"*The Court:* If the plaintiff was guilty of wilful negligence then he cannot recover, even though he shows that the defendant company was guilty of negligence, which was one of the proximate causes of the injury; but it must be wilful negligence and not ordinary negligence."

We do not understand from defendant's brief that he makes any complaint of the definition of wilful negligence if it were corrected as to the words "of other persons." The court had theretofore instructed the jury with reference to the terms of the statute in such cases, as follows:

"This case, however, is an action brought by a servant against a master, and there was in force in this State what was known as the 'workmen's compensation law,' and this workmen's compensation law provides, among other things—and this was in force at the time this accident happened—that in an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense ($a$), that the employee was negligent, unless and except it shall appear that such negligence was wilful; ($b$), that the injury was caused by the negligence of a fellow employee; ($c$), that the employee had assumed the risks inherent in or incidental to, or arising out of his employment, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances."

After the foregoing instruction was given the court gave an instruction, which was preferred by the defendant:

"As requested by the defendant, I charge you that in this case there are two theories, the plaintiff's and defendant's, and I further charge you that if you believe the defendant's theory, to-wit: That the jointer machine was not operated during all the time that

plaintiff worked for defendant, that this was under instructions from defendant's manager, that plaintiff himself had been told so, that plaintiff of his own motion and without the consent of defendant's responsible agents, placed the knives in the machine and operated it, your verdict must be for the defendant. No cause of action."

The jury understood what the issues were. They understood defendant was insisting that plaintiff was injured by reason of his own wilful act, and there was no occasion for them to be misled as to the law by the instructions of the trial court as to what wilful negligence was, in the abstract, followed, as it was, by an immediate application of that definition to the issues of the case.

The judgment must be affirmed.

Clark, C. J., and McDonald, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.