## KANGAS v. CHAMPION IRON CO.

1. NEGLIGENCE—SAFE PLACE TO WORK—INSPECTION.
   An iron company which sold an old disused coal trestle with permission to the purchaser to take it away as and when he chose was under no obligation to inspect or repair it before it was removed and was not liable for the death of the purchaser's employee killed while assisting in taking it down.

2. APPEAL AND ERROR—HARMLESS ERROR IN ADMISSION OF EVIDENCE.
   Error in admitting testimony of employer as to instructions given to deceased workman how to do the work, inadmissible under 3 Comp. Laws 1915, § 12553, held, not reversible, in view of the fact that it was subsequently stricken out and deceased's coworker testified to said instructions.

3. MASTER AND SERVANT—WILFUL NEGLIGENCE—BURDEN OF PROOF—TRIAL—INSTRUCTIONS.

In an action against the employer for the death of plaintiff's decedent while assisting in taking down an old disused coal trestle, where the court should have instructed the jury that the burden of establishing the wilful negligence of the deceased was on the defendant, it was reversible error to inferentially instruct them that said burden was on the plaintiff.

4. SAME—TRIAL—INSTRUCTIONS—INFERENCES.

In said case, an instruction to the jury that if deceased wilfully disobeyed instructions how to do the work, then he was guilty of wilful negligence, *held*, reversible error, since under the testimony the question of deceased's wilful negligence was one for the jury.

5. SAME—PROPER FOR THE COURT TO DEFINE WILFUL NEGLIGENCE.

It was proper for the trial court to define to the jury what wilful negligence was, and then leave it to them to say whether deceased was guilty of wilful negligence, with the further instruction that if deceased was guilty of wilful negligence, plaintiff could not recover.

6. SAME—WILFUL NEGLIGENCE—DIRECTED VERDICT.

The case must be a very clear one before the trial court is justified in saying any act or acts constitute wilful negligence.

Error to Marquette; Flannigan (Richard C.), J. Submitted June 10, 1924. (Docket No. 76.) Decided July 24, 1924.

Case by Mary Kangas, administratrix of the estate of Leander Kangas, deceased, against the Champion Iron Company and Joseph Cardinal for the alleged negligent killing of plaintiff's decedent. Judgment for defendants. Plaintiff brings error. Affirmed as to defendant Champion Iron Company, and reversed as to defendant Cardinal.

*M. J. Kennedy,* for appellant.

*Frank A. Bell,* for appellee mining company.

*Berg, Clancey & Randall,* for appellee Cardinal.

BIRD, J.    Plaintiff's husband, Leander Kangas, was killed while employed by defendant Cardinal, assisting in taking down an old coal trestle on the premises of the defendant Champion Iron Company.    The trestle had been in disuse for several years, and the defendant company sold it to defendant Cardinal for $25, with permission to take it away as and when he chose. In November, 1921, Cardinal employed Kangas and one Varney to take down six bents.    On July 8, 1922, they were employed to take down three more bents.    While doing so that part of the trestle on which they were working collapsed.    As a result the men fell to the ground amid the falling timbers, and Kangas was killed.    Cardinal not being subject to the workmen's compensation law, this suit was commenced to recover damages for his wrongful death. The neglect which Cardinal was charged with was a failure to furnish the deceased with a reasonably safe place in which to work, and a failure to warn him of the dangers of the work and how the work could be safely done.    The defendant company was charged with the failure to inspect and repair the trestle and to warn the deceased that the trestle was decayed and insecure and liable to collapse.    The trial court directed a verdict in behalf of the defendant company, and submitted the case against Cardinal to the jury, and they found for defendant.    Plaintiff has assigned error.

1. Error is assigned on the action of the trial court in directing a verdict for the defendant company. We are unable to see upon what theory the defendant company could be held liable.    Kangas was not employed by the company.    He was at the time doing no work for the company.    The most that can be claimed is that he and his employer were invitees on the premises for the purpose of taking down and removing the trestle.    The only duty this raised upon the part of defendant company was to have the

premises in a reasonably safe condition for them to enter and remove the trestle. There is no claim that the premises were not in a reasonably safe condition. The deceased was not killed by reason of the premises being defective. He was killed by reason of his attempt to move certain personal property which belonged to Cardinal and which would have in no way injured him had he not interfered with it. The defendant company was under no obligation to inspect nor repair the trestle. The trestle was an old one, had not been in use since 1907, and was sold because it was old and of no further use to the company. The trial court was right in holding that no recovery could be had against the defendant company.

2. It appeared that in November, 1921, when the deceased and Varney took down the six bents, Cardinal instructed them how to do the work and instructed them to tie a rope to the bent and anchor it with a bar in the ground, and after the stringers were sawed and the bent freed to go to the ground and pull the bent over with the rope. Defendant Cardinal, when called as a witness for plaintiff on the question of hiring the deceased, was permitted to testify that in July, 1922, he instructed the men to take down the three bents in the same manner they had taken down the six bents in the previous November, and was permitted to relate what instructions he gave them in November, 1921. It is urged that this testimony was objectionable because within the inhibition of the statute. 3 Comp. Laws 1915, § 12553. This testimony was subsequently stricken out by the court. Afterwards, the deceased's coworker, Varney, testified to the instructions. In view of this, the error of admitting Cardinal's testimony was neither serious nor reversible.

3. Many assignments are made on the admission and rejection of evidence. We will pass them to the more important questions raised on the charge of the

court.    Plaintiff contends that the trial court instructed the jury that the burden of showing that the deceased was free from wilful negligence was on the plaintiff.    Upon this phase of the case the trial court instructed the jury that:

"And bear this in mind, that the plaintiff is not entitled to a verdict here unless the plaintiff has made out her case by a preponderance of the evidence.    In order to be entitled to recover, you must be able to say that the preponderance of evidence is in favor of two propositions: First, that Mr. Cardinal was guilty of negligence which was the direct and proximate cause of the injury; and you must be able to say further, that the preponderance of evidence is in favor of the second proposition, that Mr. Kangas was not guilty of any wilful negligence that contributed to his injury and death.

"By preponderance of evidence we mean the weight of the evidence.    All the evidence you find in this case now in favor of these propositions put forward here by the plaintiff, must have more weight in your minds than all the evidence you find in the case in opposition to these claims, in order that you may say the plaintiff here has made out her case by a preponderance of the evidence.    If you find the proofs or the evidence evenly balanced in your mind upon any question essential to a recovery by the plaintiff, then the plaintiff has not made out her case by a preponderance of the evidence and the verdict would have to be for the defendant."

If these instructions did not directly advise the jury that the burden of proof was upon plaintiff to establish that the deceased was free from wilful negligence, it did so by inference.    The court should have instructed the jury that the burden of establishing the wilful negligence of the deceased was on the defendant. *Freeman* v. *Railroad Co.,* 191 Mich. 529; *Jonescu* v. *Orlich,* 220 Mich. 89.    These instructions touched a very tender spot in plaintiff's case because it was contended by defendant that had the deceased and Varney

228—Mich.—16.

followed the instructions given them with reference to the rope, the accident would not have occurred. In view of this we think the charge in this respect was reversible error.

4. The jury were further instructed that:

"If you find that the accident happened by the bent falling backward, that that was what caused the collapse; and if you further find that Mr. Cardinal had instructed Mr. Kangas to use the rope, and Mr. Kangas wilfully disobeyed those instructions, then Mr. Cardinal was not guilty of any negligence, and Mr. Kangas was guilty of wilful negligence, and the plaintiff could not recover in this case."

We think the trial court was in error in this instruction. Under the testimony in this case it was the province of the jury to determine whether the negligence of the deceased was wilful. It was proper for the trial court to define to the jury what wilful negligence was, as was done in *Noble* v. *Taxicab Co.*, 226 Mich. 140, and then leave it to the jury to say whether the deceased was guilty of wilful negligence. It was also proper to instruct the jury that if under the instructions they found deceased was guilty of wilful negligence, plaintiff could not recover. The case must be a very clear one before the trial court is justified in saying any act or acts constitute wilful negligence. The question whether plaintiff was guilty of contributory negligence does not appear to have been raised nor discussed.

The judgment is affirmed as to defendant Champion Iron Company and reversed as to defendant Cardinal, with costs to plaintiff against Cardinal. Costs are granted to defendant Champion Iron Company against plaintiff.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.