CENTRAL ELECTRIC CO. v. LEMOINE.

JUDGMENT—DIRECTED VERDICT—DISAGREEMENT OF JURY—ENTRY OF JUDGMENT AFTER JURY'S DISCHARGE.

Where, at close of testimony, plaintiff moved for directed verdict, court reserved decision under Empson act (3 Comp. Laws 1929, § 14531 *et seq.*), jury disagreed, was discharged, and thereafter, after hearing counsel for both parties, court determined, as matter of law, that verdict should have been directed for plaintiff, judgment was properly entered in accordance therewith within 60 days (3 Comp. Laws 1929, § 14535).

Appeal from Ontonagon; Richter (Theodore J.), J., presiding. Submitted April 12, 1933. (Docket No. 105, Calendar No. 36,834.) Decided May 16, 1933.

Assumpsit by Central Electric Company, a Wisconsin corporation, against Abe LeMoine on a contract of guaranty. Jury disagreed. Judgment entered for plaintiff on finding that verdict should have been directed in favor of plaintiff. Defendant appeals. Affirmed.

*John B. Bennett (Carl O. Bay,* of counsel), for plaintiff.

*Joseph M. Donnelly (Jones & Patek,* of counsel), for defendant.

McDONALD, C. J. This suit involves the liability of defendant on a contract of guaranty. It was tried by the court with the aid of a jury. At the close of the testimony, the plaintiff moved for a directed

verdict in its favor. The court reserved decision under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.*), and submitted the issue to the jury. There was a disagreement and the jury was discharged. Thereafter, both counsel filed briefs on the question of a directed verdict, and, after due consideration, the court, in a written opinion, granted the plaintiff's motion. The case was tried in Ontonagon county by Judge Richter of the third judicial circuit. Within 60 days from the rendering of the decision, the plaintiff moved for the entry of a judgment. Judge Richter having left the circuit, the motion was brought on before Judge Driscoll, who entered a judgment in accordance with the findings of Judge Richter. From this judgment the defendant has appealed, on the ground that the court was without authority to enter a judgment after the jury had disagreed and was discharged.

In *Graves* v. *Township of Dorr*, 208 Mich. 558, decided in 1919, we held that, where a jury disagreed and was discharged, the trial court had no authority to enter a judgment under the Empson act. But in 1927 the legislature enacted Act No. 73 (3 Comp. Laws 1929, § 14535), which provides that within 60 days after the discharge of the jury, on motion of either party, if the court shall decide as a matter of law that a verdict ought to have been directed, judgment shall be entered in accordance with such decision.

The judgment was entered by Judge Driscoll under authority of this statute. He based it on the decision of Judge Richter who found as a matter of law that he ought to have directed a verdict in favor of the plaintiff. Judge Driscoll's right to act in place of Judge Richter is not questioned. The only objection to the proceedings is that judgment was

not entered in accordance with Act No. 73, Pub. Acts 1927. There is no merit to this objection. It is true that Judge Richter had no authority to enter a judgment under the Empson act; but he did not do so. He merely determined whether, as a matter of law, he ought to have directed a verdict, and this he did after hearing counsel for both parties. His findings were a sufficient basis for the judgment which Judge Driscoll entered in accordance with Act No. 73, Pub. Acts 1927.

The contention of the defendant that this act is unconstitutional in that it deprives a party of the right to trial by jury is without merit and requires no discussion.

The judgment is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.