## MARION T. PEARSON *v.* BRIDGEPORT HYDRAULIC COMPANY

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 90790

Memorandum filed January 24, 1955.

*Marion T. Pearson,* pro se.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

COMLEY, J. This plaintiff was enjoined by the Superior Court from further litigating certain matters which had been in controversy between the parties for many years. The injunction was upheld on appeal. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186. Thereafter she filed a petition for a new trial returnable to the October, 1953, term of the Superior Court for Fairfield County. That court dismissed the petition on the ground that it violated the injunction. On appeal this ruling was reversed. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646. The plaintiff then claimed the petition for a new trial as a privileged case and the clerk recognized her claim. The defendant now moves to strike the case from the privileged list.

There are eighteen classes of cases which are entitled to privileged assignment under Practice Book, § 131. Petitions for new trial are not included in this classification, but in subsection (4) of the rule, privilege is accorded to "equitable actions tried to the court wherein the essential claim asserted is for a permanent injunction." The essential question is whether a petition for a new trial of an equitable action for injunctive relief is so closely allied to that

action that it is really a part of it and is entitled to the benefit of the privilege given such actions.

A petition for a new trial is in outward form an independent action. The petition is drawn like a complaint and is so denominated in Practice Book, Form No. 400. This complaint is served and returned to court as in any other civil action. It is then pleaded to under the general rules relating to pleading, and when the issues are closed, it takes its own place on the trial list apart from the original action. However, these are only matters of form. In *Pearson* v. *Bridgeport Hydraulic Co.*, supra, 648, the court said: "A petition for a new trial, although in form an independent action, is nevertheless incidental to the action of which a new trial is sought." It has frequently been called a "motion." In *Dudley* v. *Hull*, 105 Conn. 710, 713, the court said: "We consider, first, the denial of the plaintiff's motion for a new trial. In our practice such a motion is sometimes denominated a motion and sometimes a petition." In the same case (p. 714) appears the following language: "A motion or petition for a new trial, while not an independent action, but a proceeding ancillary to the original action . . . ." Substantially the same words appear in *Alling* v. *Levitt*, 112 Conn. 586, 591.

In *Gannon* v. *State*, 75 Conn. 576, 577, the essential difference between the form and substance of a petition for a new trial is clearly pointed out as follows: "Upon an application for this purpose, process is issued citing the opposite party to appear and be heard. This, however, does not make the application an independent action. *Magill* v. *Lyman*, 6 Conn. 59; *Spear* v. *Coon*, 32 Conn. 292. The finality of a judgment does not preclude the court that rendered it from entertaining further proceedings in the same action, when it is made apparent that injustice has been done."

In *Spear* v. *Coon*, 32 Conn. 292, the question was whether a deposition used in proceedings upon a petition for a new trial could later be used in the new trial which was granted. In holding it admissible, the court said (p. 296): "We do not consider it necessary to examine the numerous authorities that have been quoted on both sides, which would be applicable only on the supposition that the petition for a new trial and the new trial itself were distinct cases. We do not so regard them. We consider them as parts of the same proceedings."

These authorities justify the action of the clerk in placing this petition on the privileged list. This result is desirable. It might well be a denial of justice to a litigant with an important privileged case and with sound grounds for a new trial, to subject him to the unreasonable delay in the complete determination of his cause which would necessarily result if his petition were placed upon the non-privileged list. This may not be true in the present case, where one must sympathize with the defendant's desire for a little respite from the wearisome and fruitless course of litigation to which it has been subjected by this plaintiff for many years. But the rule must be made for all cases, good or bad.

The motion is denied.